Wilcox, *Appellant,* v. Walker *et al.*

Injunction: SALE OF LAND. An injunction to restrain a trustee's sale of land will not be granted, where it appears from the allegations of the petition that the plaintiff is in the possession of the land, of which he claims to be the owner ; that the legal title under which he claims is of record and is superior to any title that can be acquired by a purchaser at the sale, and that the plaintiff has a complete and adequate remedy at law against any claims that may be asserted by such purchaser.

*Appeal from Macon Circuit Court.*—Hon. Andrew Ellison, Judge.

Affirmed.

*Berry & Thompson* for appellant.

(1) The petition states facts sufficient to warrant the relief sought. Appellant may have a legal remedy, but, under the facts admitted by the demurrer, it is not an adequate remedy. The remedy at law must be complete. (2) The Yale mortgage was good. *Digman v. McCollum,* 47 Mo. 372. But the respondent, Demeter, contends that, inasmuch as he furnished the money to obtain the legal title from the railroad company, he is entitled to subrogation. This is a controversy to be settled in equity. (3) While Demeter is not entitled to subrogation from the fact that he furnished the money

to pay the note of Needham for purchase money (*Wooldridge v. Scott*, 69 Mo. 669; *Norton v. Highleyman*, 88 Mo. 621), yet the transaction out of which the mortgage grew may entitle him to be paid out of the land; if so, Wilcox is entitled to have such question judicially determined, and in that event, to an opportunity to redeem and save his investment. It would be inequitable to force him to take chances after sale under the Demeter mortgage. (4) The Demeter mortgage is an instrument which he and others combined with him may use to throw a cloud or suspicion on our title or estate, and subject us to annoyance and hindrance in the sale, improvement, and enjoyment of our estate, and equity will furnish relief to cancel and settle the controversy. *Martin v. Graves*, 5 Allen, 601; 3 Pomeroy's Eq. Jur., sec. 1399, pp. 437-8-9; 1 Story Eq. Jur. [11 Ed.] sec. 700*a; McHenry v. Hazard*, 45 N. Y. 580. (5) Where the remedy at law is not full and complete equity will entertain jurisdiction and grant the necessary relief, and will enjoin a sale though no title would pass thereby. *Vogle v. Montgomery*, 54 Mo. 578; *Eldridge v. Smith*, 34 Vt. 484; *Rayland v. Cantrell*, 49 Ala. 294; *Goodsell v. Blumer*, 41 Wis. 436; *Crane v. McCoy*, 1 Bond, 422; *Clark v. Railroad*, 44 Ind. 248; *State Savings Bank v. Kercheval*, 65 Mo. 682, on p. 688; *Echelcamp v. Schrader*, 45 Mo. 505; *Matthews v. Skinker*, 62 Mo. 329; *Biggerstaff v. Hoyt*, 62 Mo. 481; *Martin v. Jones*, 59 Mo. 181; *Mulvey v. Carpenter*, 78 Ill. 580, 581; Willard Eq. Jur. [Potter's Ed.] 401.

*Dysart & Mitchell* for respondents.

(1) This is purely and simply a claim that respondents ought not to be permitted to sell the land under a second deed of trust, because it belongs to a third party, and respondents' debtor and grantor had no right, title, or interest therein, as shown by the record. And

the case is not distinguishable from the doctrine announced in the cases of *Kuhn v. McNeill*, 47 Mo: 389 ; *Drake v. Jones*, 27 Mo. 428 ; and *Witthaus v. Bank*, 18 Mo. App. 181. Equity will only interfere where land is about to be sold for illegal taxes, or where a homestead is about to be sold, and such other cases where the illegality of the sale is not apparent, and the purchaser might acquire a *prima-facie* interest, or apparent title. This is not such a case. No extrinsic evidence here would be required to defend plaintiff's title in ejectment. Any purchaser at the sale under respondents' deed of trust would take with notice of plaintiff's title, and would take no greater or different claim than would the respondents. *Martin v. Jones*, 72 Mo. 23 ; *Purinton v. Davis*, 1 Southwestern Reporter, 343. (2) If plaintiff's title be evidenced by such conveyances and records as alleged, "and such recitals be true, he has no occasion for alarm ; if the recitals be false, he is entitled to no consideration in equity." *Purinton v. Davis, supra ; Digman v. McCollum*, 47 Mo. 372 ; *Wooldridge v. Scott*, 69 Mo. 669. (3) The right to sell under a junior mortgage before a sale under the prior mortgage, has never been questioned. Such sale would be subject to the prior mortgage. The purchaser would only take such right, title, and interest, as the mortgageor had when he gave the second deed of trust, that is to say, an equity of redemption. On what principle is the *puisne* mortgagee forbidden to sell after a sale by the first, unless it be that such sale is utterly void, and conveys no title ? It would seem there is a stronger reason for equity not to interfere where there has been a sale and possession under the first mortgage. He shows that he is in a position to defy the world. I may order a sale of A's land under an execution I have against B, and equity will not interfere. I may accept a deed of trust on A's land from B. A having his chain of title perfect of record, may treat it with indifference ; he has no

need of an injunction; no cloud is cast upon his title. (4) The very reason plaintiff urges for an injunction, is the very reason he ought not to have it. He shows that plaintiff has a good record title, and what respondents propose to sell is no title at all. And he fails to show where any extrinsic proof would be required to sustain his title, or wherein a purchaser under the second deed of trust could acquire any apparent title. *Mathews v. Skinker*, 62 Mo. 329 ; *Martin v. Jones*, 59 Mo. 181. (5) A court of equity will not try the rights of property between these parties, and decide an action in ejectment in advance.

BRACE, J.—This cause is before us on appeal from the judgment of the Macon circuit court sustaining a demurrer to the plaintiff's petition, the allegations of which are substantially as follows : "That in January, 1875, one Yale was in possession of the real estate described in the petition under a purchase by written contract with the Hannibal & St. Joe Railroad Company ; that, on the thirteenth of January, 1875, he sold his interest in said real estate to one Needham for five hundred dollars, the latter assuming the payment of the unpaid purchase money due the railroad company on the contract, and executing a deed of trust on said land to secure the payment of the notes given by him to Yale for said sum of five hundred dollars ; that said deed of trust was duly recorded on the twentieth day of January, 1875; that, on the eleventh of January, 1881, Needham borrowed two hundred dollars of defendant, Demeter, for which he gave his note, and to secure the payment thereof executed a deed of trust of that date on said land to defendant, Walker, as trustee for said Demeter, which deed of trust was thereafter duly recorded ; that, in February, 1881, the said Needham, having fully paid off the unpaid purchase money due the railroad company for said land, received a deed therefor from said

company; that, on the third day of March, 1883, the notes given by Needham to Yale, together with the interest thereon, remaining unpaid, the land, in pursuance of the terms of said first deed of trust, was sold by the trustee therein, and plaintiff became the purchaser thereof at the trustee's sale, and received the trustee's deed therefor, went into possession thereof, made valuable improvements thereon, and is now the owner of said real estate; that said Demeter declares that the money loaned by him to Needham and secured by said second deed of trust was used by Needham in part in paying the unpaid purchase money due the railroad company for said land, and that the sale of said property to plaintiff was and is subject to the said Demeter's deed of trust, and that the said Demeter has directed the said defendant, Walker, trustee as aforesaid, to advertise and sell, and said Walker has accordingly advertised said real estate under said Demeter deed of trust for sale, and will, unless restrained by the court, proceed to sell said real estate and cause the same to be bid off by one Webb M. Ruby, with whom the defendants have an arrangement to that effect, and who thereafter will litigate with plaintiff about the title to said real estate to his great annoyance and inconvenience; wherefore plaintiff prays for an order restraining such sale, that the rights and claims of the parties may be determined, and that the injunction be made perpetual on final hearing," etc.

It appears from the allegations of the petition that the plaintiff is in possession of the real estate of which he claims to be the owner; that the legal title under which he claims is of record; that that title is superior to any that can be acquired by a purchaser at the sale which he seeks to have enjoined; that such purchaser by such sale can acquire no other or higher title, or equitable or legal right, than that which is already vested in the defendants under the second deed of trust,

and that the plaintiff has a complete and adequate remedy at law against any claims that may be asserted by such purchaser in the courts by virtue of any title he may acquire at such sale, and which he must take with notice of plaintiff's record title; that plaintiff will be deprived of no defence or advantage which he now possesses for defending his title and possession against any claim that may or can be made under the second deed of trust by such sale. In short, the petition fails to show any ground for the interposition of a court of equity and the demurrer was properly sustained.

The judgment of the circuit court is, therefore, affirmed. All concur, except Ray, J., absent.