PELICAN RIVER MILLING COMPANY v. MARCUS MAURIN and Others.[1]

February 9, 1897.

Nos. 10,252—(96).

**Execution Sale—Injunction—Claims of Third Party.**

In an action to enjoin an execution sale of real estate, when it appears from the allegations in the complaint that the plaintiff is in possession of the property, of which he claims to be the legal owner, and, by his admission, that the legal title under which he claims ownership is of record, and claims it to be superior to any that can be acquired by a purchaser at the sale, and the gravamen of the complaint is that, by reason of such threatened sale, insurance has been, and other insurance will be, canceled, a temporary injunction to restrain such sale is properly refused.

Appeal by plaintiff from an order of the district court for Otter Tail county, Baxter, J., denying a motion for a temporary injunction. Affirmed.

*Parsons & Brown*, for appellant.

*Houpt & Baxter*, for respondents.

BUCK, J. On July 5, 1895, Marcus Maurin and Peter Maurin, two of these defendants, recovered a judgment against Charles Leistikow and his wife, Augusta Leistikow, in the sum of $1,021.25, upon a prior indebtedness; and thereupon execution was duly issued to the defendant Billings, as sheriff of Otter Tail county, wherein the premises described in the complaint are situate, and upon which premises said sheriff levied said execution, and advertised the same to be sold on February 15, 1896. Previous to the entry of said judgment, Leistikow, who owned said premises, conveyed the same to the plaintiff, the Pelican River Milling Company; and at the time of the entry of said judgment it was in possession of and using said premises as a mill site, and had a gristmill thereon, wherein it was engaged in the manufacture of flour, and upon which premises there was an unpaid mortgage of $15,000, containing a provision that the premises should be kept insured for the benefit of the mortgagee in the sum of $15,000, and in case of default thereof the mortgagee was authorized

[1] Reported in 69 N. W. 1149.

to foreclose said mortgage. After the making of said levy, the insurance company canceled $3,000 insurance upon said mill, by reason of said levy, and plaintiff alleges that the remaining insurance will be speedily canceled unless the defendants are restrained from making said sale of such property. Plaintiff alleges that the levy was unwarranted, and that, if such sale is made, the injury and loss to plaintiff will be serious and irreparable, and that it will be unable to be compensated in damages, and prays for a perpetual injunction restraining the sale of said premises.

The plaintiff, in its complaint, alleges that it is the owner in fee of said premises, and that such title is superior to that of the judgment debtors mentioned in the complaint, who, it alleges, have no title whatever to said premises. It also appears by the admissions of plaintiff that it has the legal record title to said premises. It does not appear that the respondents have committed any act tending to interfere with or disturb the business of the appellant in the use or enjoyment of its property, and being in possession of such property, and claiming title thereto, it is notice to the world of its rights. No fraud is alleged, and it does not appear in what way its title will be clouded by such sale. In fact, the gravamen of the complaint is that a certain insurance company has canceled an insurance policy upon the premises, and other insurance upon the premises will be speedily canceled unless the relief prayed for is granted. We think that the complaint fails to show any ground for the interposition of a court of equity. See Wilcox v. Walker, 94 Mo. 88, 7 S. W. 115.

The order denying the motion for a temporary injunction is therefore affirmed.