## ROOKERY REALTY, LOAN, INVESTMENT & BUILDING COMPANY and JOSEPH GERARDI v. JAMES B. JOHNSON and GEORGE MEIS-INGER, Substitute Trustee, Appellants.

### Division One, June 16, 1922.

1. **PLEA IN ABATEMENT: Pending Suit: Dismissal After Judgment.** Where suits involving the same issues were dismissed and appeals taken, any error of the trial court in not abating the instant case and in rendering judgment therein while said appeals were pending was cured by the dismissal of said appeals before the instant case was submitted for decision, and is now without substance and would be if the cause were remanded for a new trial.

2. **PRIOR SUIT PENDING: Parties Reversed.** A suit brought by defendants against plaintiffs, although the same issues are involved as in the one at bar, is not a prior suit pending, and is not therefore a ground for special demurrer.

3. **REVIVAL OF JUDGMENT: In Name of Foreign Executrix: Assignee: Fraud.** A judgment was rendered in favor of a manufacturing company against a plaintiff's wife, and thereafter defendant bought it, and had it assigned to his brother-in-law, who lived in New York, and after the assignee's death and administration on his estate was there closed, defendant instituted suit in the proper circuit court in this State to have the judgment revived, the petition and *scire facias* reciting the rendition of the judgment, its transfer to the assignee, the assignee's death, that his executrix held the legal title and that it has not been paid, but stating nothing as to its ownership by defendant, or that the administration of the assignee's estate was in New York, or that his executrix had been appointed in that State, but the writ did command plaintiff's

said wife to show cause why said judgment should not be revived to the use of said executrix. and said wife for answer filed a general denial, and judgment being rendered against her she appealed and the judgment was affirmed. *Held*, that defendant, being the owner of said judgment and conduct'ng the suit to revive by his own attorney, would have been bound by any adverse ruling therein, and did not commit any fraud upon the court or the parties in not reviving said judgment in his own name, nor in causing it to be revived to the use of his brother-in-law's executrix.

4. **INJUNCTION: Judgment Against Non-Owner: Threatened Sale Under Deed of Trust.** Judgment for debt having been rendered against the wife of a plaintiff, defendant bought the same and caused execution to be issued and at the sale bought all the shares of stock of the plaintiff corporation and all its real estate, receiving from the sheriff a bill of sale for the stock and a deed for the lots, and had them recorded. He then transferred one share of the stock to each of two persons, and with them and himself as directors proceeded to take formal possession of the corporation, and notified a trust company, which as agent held a $65,000 note and deed of trust on the company's real estate, that he would not recognize any renewal of said note without his consent. He then brought suit, making himself and said corporation plaintiffs, in which he charged said note was infected with usury. He then bought said note, and advertised the company's property for sale by the substituted trustee. The evidence establishes that the said wife owned no stock in the corporation, and no interest in the real estate, but that the stock belonged to her husband, who, with the company, are the plaintiffs in this suit to enjoin the trustee's sale, and to remove the sheriff's deed as a cloud upon the company's real estate and his bill of sale as a cloud upon the husband's title to the stock. *Held*, that the acts of defendant tended to prevent a renewal of the loan and to make a new loan, and suit in ejectment or to quiet title would not be an adequate remedy, and injunction will therefore lie to prevent the foreclosure sale, and a court of equity having obtained jurisdiction for that purpose will do complete justice and cancel the false claims to the stock.

5. ———: **Cloud Upon Title: Judgment and Execution Against Non-Owner.** By the amendment of 1919 to the statute (Sec. 1969, R. S. 1919) a writ of injunction or prohibition exists in all cases where "a cloud would be put upon the title of real estate being sold under an execution against a person, partnership or corporation having no interest in such real estate subject to execution at the time of sale;" and said amendment was intended to denominate a sale under execution against a party having no interest therein as a cloud on his title, and such attempted sale will be enjoined to prevent

the casting of a cloud thereon, although his record title is complete and perfect; and where the sale has already been made, a court of equity, for the same reason, will remove the recorded deed or bill of sale of corporate stock, where the judgment debtor owned neither the real estate nor stock, as a cloud.

6. ————: ————: ————: Sale of Personal Property: Incident of Main Relief. Where judgment for debt had been rendered against a person who owned none of the stock of a corporation, and all its stock and certain real estate owned by the company were sold under execution as the property of said judgment debtor, and the purchaser received from the sheriff and caused to be recorded a bill of sale for the stock and a deed for the real estate, and thereafter said purchaser transferred one share of the stock to each of two other persons and, with them and himself as directors, proceeded to take formal possession of the corporation, and purchased a note secured by a deed of trust on the company's property, an injunction brought by the real owner of the stock and by the corporation, will lie to prevent a foreclosure sale under the deed of trust; and as an incident thereto, where the evidence shows said purchaser is using his fictitious claim to the stock to prevent the plaintiffs from obtaining an extension or renewal of the loan, the court will cancel the bill of sale as a cloud upon the title, although it is personal property, and thereby prevent the consummation of the main wrong.

7. ————: ————: ————: ————: Multifarious Bill: Diverse Interests of Plaintiffs. And it being necessary to cancel the sheriff's bill of sale and the deed in order to prevent the sacrifice of the corporation's property by foreclosure sale, the bill, in which both the corporation and the real owner of the stock are joined as plaintiffs, is not objectionable for multifariousness, since both are interested in the subject-matter of the suit.

8. ————: Injunction: Order to Show Cause: Trial on Merits: Waiver. Where the court issued a temporary restraining order and an order on defendants to show cause why a temporary injunction should not issue as prayed, to which defendants filed a return, and the court heard all the testimony and decided the case without objection, defendants, having submitted without objection to such trial, cannot on appeal be heard to complain that the court tried the case and decided it on the merits upon the hearing of the order to show cause and the return of defendants thereto.

9. ESTOPPEL: Injunction to Prevent Foreclosure Sale: Indemnifying Bond. The fact that the actual owner of the stock of a corporation, when execution was issued on a judgment against his wife, claimed the stock, and that thereupon the purchaser was required

to excute an indemnifying bond to the sheriff, does not estop said actual owner from joining in an injunction to prevent the foreclosure of a deed of trust on the company's properties given to secure a note owned by said purchaser, nor to have the bill of sale transferring said stock to such purchaser removed as a cloud upon his title to the stock.

10. **EVIDENCE: Fraud: Lapsed Judgments.** Unrevived judgments ten years old are conclusively presumed to be paid, and the fact that the record does not show them satisfied will not justify an inference of a fraudulent intent on the part of the judgment debtor to defraud his creditors to be drawn from his act in putting two shares of the stock of a corporation in the name of his wife, against whom a judgment for debt was subsequently rendered; and particularly so can no inference of fraud be drawn from such act, where the evidence shows that the certificates, indorsed in blank, were delivered to such debtor as soon as issued to his wife.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

MODIFIED AND AFFIRMED.

*John A. Gilliam* for appellants.

(1) The court erred in hearing this case while prior suits involving the same causes of action were pending. 1 Chitty on Pleadings, pp. 454-455; Smock v. Graham, 1 Blackf. (Ind.) 314; Buffum v. Tilton, 17 Pick. 510; Frogg v. Long, 3 Dana, 159; Rogers v. Haskins, 15 Ga. 270; Parker v. Colcord, 2 N. H. 36; Beach v. Norton, 8 Conn. 71. (2) The court erred in enjoining the prosecution of Case No. 29845 then pending. Carthage Natl. Bank v. Poole, 160 Mo. App. 141; State ex rel. v. Riley, 127 Mo. App. 469; Pettus' Admr. v. Elgin, 11 Mo. 411; Mellier v. Bartlett, 89 Mo. 137; McDonald v. Tieman, 17 Mo. 603; Gilbert v. Renner, 95 Mo. 151; Ray v. Phosphate Co., 59 Fla. 598. (3) The suit was multifarious and could not stand. Statcup v. Garner, 26 Mo. 72; Alexander v. Warrance, 17 Mo. 228; Robinson v. Rice, 20 Mo. 229. Several injuries cannot be joined in chancery any more than at law. Cla-

morgan v. Guisse, 1 Mo. 141; Berry v. Robinson, 9 Mo. 276; Beattie Mfg. Co. v. Gerardi, 166 Mo. 142; Mc-Laughlin v. McLaughlin, 16 Mo. 242; Ferguson v. Paschall, 11 Mo. 267.   5 Words & Phrases 4616-4618.   (4) This case was an effort to get a new trial before Judge Shields of two cases previously tried by Judge Taylor and then pending on appeal in the Supreme Court, and those cases on appeal were not dismissed until October 25, 1920, long after Judge Shields rendered his decree in this case.   1 Cyc. 21, note 9.   Vexatiousness is a conclusion of law drawn from the fact of two suits brought by one person against another for one cause and pending at the same time.   1 Bac. Abr. 13; Napier v. Foster, 30 Ala. 379; Jones v. McPhillips, 82 Ala. 102; Gamsby v. Ray, 52 N. H. 513.   The pendency of a prior action upon appeal or writ of error defeats a second action between the same parties for the same cause.   Fisk v. Atkinson, 71 Cal. 452; McJilton v. Love, 13 Ill. 486, 54 Am. Dec. 449; Merritt v. Richey, 100 Ind. 416.   (5) The suit was to restrain a sale under a deed of trust past due when there was no dispute as to the amount due and no tender of the amount due, but a false claim that Johnson had alleged usury to have been exacted, which claim was promptly abandoned by plaintiffs when the trial began.   Plaintiffs were bound to tender amount admitted to be justly due.   Holmes v. Building & Loan Assn., 189 Mo. App. 102; Williams v. Troy, 39 Ala. 118; 27 Cyc. 1454; McDaniel v. Springfield Waterworks Co., 48 Mo. App. 273; High on Injunctions (4 Ed.) secs. 443-447.   (6)   The suit was a collateral attack on the decision of the Supreme Court in Beattie Mfg. Co. v. Annie Gerardi and plaintiffs had no interest therein, and it could not be done, and the naming of usees was mere surplusage in the Beattie Mfg. Co. Case.   Burke v. City of Kansas, 118 Mo. 309; Beattie Mfg. Co. v. Gerardi, 214 S. W. 189; Smith v. Vandalia Railroad, 188 Ill. App. 429; Norcross Mfg. Co. v. Summerour, 114 Ga. 364; Mut. Life Ins. Co. v. Allen, 113 Ill. App. 96, 212 Ill. 134; Northrope v. McGee, 20 Ill. App. 108; Schiff

v. Supreme Lodge Order, 640 Ill. App. 341; Howes v. Scott, 224 Pa. St. 12; Tedrick v. Wells, 152 Ill. 214; Hobson v. McCambridge, 130 Ill. 367; Henderson v. Welch, 8 Ill. 340; Cohen v. Schultz, 73 Ill. App. 244; Mathis v. Fordham, 114 Ga. 364; Scott v. Granger, 3 Iowa, 447; Farwell v. Dewey, 12 Mich. 436; Sisson v. Railroad, 14 Mich. 489; Jones v. Railroad, 75 Miss. 913; Fidelity & Deposit Co. v. Nisbet, 119 Ga. 321; Fay v. Guynon, 131 Mass. 34; Berry v. Gillis, 17 N. H. 9; Wolffe v. Eberlein, 74 Ala. 99; Schley v. Lyon, 6 Ga. 530; Chadsey v. Lewis, 6 · Ill. (1 Gilman) 153; Clarkson v. Doddridge, 14 Gratt. 42; McCormick v. Fulton, 19 Ill. 570. (7) There was no cause of action stated in the petition. Haley v. Branham, 192 Mo. App. 130. (a) Injunction will not lie because of the sale of the interest of Annie Gerardi in land which may be owned by either plaintiff by antecedent title of record. Good v. Merkowitz, 35 Mo. App. 658. (b) Equity has no jurisdiction in matter of cloud on title to stocks, but is limited to cloud on real estate. State ex rel. v. Wood, 155 Mo. 425. (c) Injunction will not lie where the injurious act has already been done. State ex rel. Wear v. Springfield Gas & Elec. Co., 204 S. W. 942; Owen v. Ford, 49 Mo. 436; Carlin v. Wolff, 154 Mo. 539; Davis v. Hartwig, 195 Mo. 380; Brier v. Bank, 225 Mo. 673; Southwest Mo. Ry. Co. v. Mining Co., 138 Mo. App. 129. (d) The only fraud for which a final judgment can be set aside in equity is a fraud in procurement of the judgment. Cackley v. Myers, 199 S. W. 719; Payne v. O'Shea, 84 Mo. 129; Richardson v. Stowe, 102 Mo. 33; Irvine v. Leyh, 102 Mo. 200, 124 Mo. 361; Oxley-Stave Co. v. Butler County, 121 Mo. 614; Hamilton v. McLean, 139 Mo. 678, 169 Mo. 51; Bates v. Hamilton, 144 Mo. 1; Walther v. Null, 233 Mo. 104. (e) A judgment cannot be attacked in a collateral proceeding, where the court has jurisdiction of parties and subject-matter. State ex rel. Johnson v. M. & M. Bank, 213 S. W. 815; Craig v. Bright, 213 S. W. 845; Lilly v. Tobbein, 103 Mo. 477; Hope v. Blair, 105 Mo. 85, 16 S. W. 595; Trues-

dail v. McCormick, 126 Mo. 39, 28 S. W. 885. (f) The attempt to set aside alleged cloud was not a ground of action because no title of any kind was alleged or shown in Annie Gerardi, but explicitly denied in plaintiff's bill. Verdin v. St. Louis, 131 Mo. 105 to 116; Hannewinkle v. Georgetown, 82 U. S. (15 Wall. 1547); Tyson v. Brown, 64 Ala. 244; Maloney v. Finnegan, 38 Minn. 70; Mason v. Black, 87 Mo. 329; Overing v. Foote, 43 N. Y. 290; Gamble v. Loop, 14 Wis. 465; Meloy v. Dougherty, 16 Wis. 269. (g) There was no standing in equity to allege a cloud on the title, unless Annie Gerardi's title appeared to be valid on its face and superior to plaintiff's and it required extrinsic evidence to remove. Cox v. Clift, 2 N. Y. (2 Comstock) 118; Lawrence v. Zimpleman, 37 Ark. 643; Morgan v. Carter, 48 Minn. 501; Clark v. Life Ins. Co., 52 Mo. 272; Townsend v. New York, 77 N. Y. 542; Lehman v. Roberts, 86 N. Y. 239; Farnham v. Campbell, 34 N. Y. 480. If it appears from the petition that Annie Gerardi had no title to the land sold, there was no cloud and no jurisdiction to remove what did not exist. Janney v. Spedden, 38 Mo. 402; Odle v. Odle, 73 Mo. 294; Holland v. Johnson, 80 Mo. 38; Mason v. Black, 87 Mo. 345; Clark v. Ins. Co., 52 Mo. 276; Verdin v. City of St. Louis, 131 Mo. 153; Haywood v. Buffalo, 14 N. Y. 541; Russell v. Lumber Co., 112 Mo. 40; Verdin v. St. Louis, 131 Mo. 105 to 115. (h) There is no community of interest in the subject-matter of the suit between Gerardi and the Rookery Company, authorizing them to sue together. Carlson v. Harris, 43 Miss. 728. (8) The final decree was made on an order to show cause why an injunction should not be granted, and was made without any trial upon the merits, without any answer to the merits and without bringing in proper parties defendants, and without notice to defendants that final decision would be made, and without giving defendants opportunity to file answer making additional parties defendants on cross-bill, or opportunity to except to the action leaving out proper defendants. (9) The court erred in the

exclusion of testimony as to the judgments against Joseph Gerardi, tending to show that whatever interest Joseph Gerardi had, if any, in the company was placed in the names of Annie Gerardi and their children to avoid and defeat his creditors; that the stock found in the name of Annie Gerardi was levied on as her stock, and that if Joseph Gerardi placed it there to defeat his creditors he could not dispute it was her stock. The conveyance, if made by Gerardi in fraud of his creditors, was valid between him and his wife, and her creditors could levy on the stock as hers. Also, the ten shares in the name of Joseph Gerardi, Jr., unless deeded to Gerardi and wife by the contract of April 3, 1909, remained his stock and Annie Gerardi's interest in it was subject to sale on execution. Henderson v. Henderson, 13 Mo. 151; Jacobs v. Smith, 89 Mo. 681; Stevenson v. Edwards, 98 Mo. 626; Thompson v. Cohen, 127 Mo. 215; Larrimore v. Tyler, 88 Mo. 668; Crook v. Tull, 111 Mo. 288; George v. Williamson, 26 Mo. 193; Wait on Fraud. Conv., sec. 395; McLaughlin v. McLaughlin, 16 Mo. 251; Steadman v. Hayes, 80 Mo. 320; Jackman v. Robinson, 64 Mo. 292; Roan v. Winn, 93 Mo. 511. (10) The court erred in attempting to try the title to personal property in an injunction proceeding and jointly with title to real estate. Baxter v. Baxter, 77 N. C. 119; Kistler v. Weaver, 135 N. C. 391; Bouldin v. Alexander, 7 Mon. 424; Young's Executor v. Young, 9 B. Mon. (Ky.) 66; Power v. Alger, 13 Abb. Pr. 284, 296; State ex rel. v. Wood, 155 Mo. 446; Ray v. Phosphate Co., 59 Fla. 600; Homer v. Kane, 7 Nev. 64; Wood v. Swift, 81 N. Y. 35. (11) The placing of two shares of the company in the name of Annie Gerardi, even if Joseph Gerardi, her husband, actually had owned that stock, made it Annie Gerardi's stock for the purpose of levy and subject to levy by Johnson, and the further fact that Joseph Gerardi and Joseph Gerardi, Jr., concurred that Joseph Gerardi and Annie Gerardi together owned the property in City Block 3881 (which is the property on which the Rookery Company's stock is

based) fixes Annie Gerardi as the owner of at least one-half of that property, so far as the Gerardi men are concerned, whether or not either or any of them owned that stock. Wood v. Broadley, 76 Mo. 31; 21 Cyc. 1294, note 31, and 1298, notes 64 to 67; Grimes v. Reynolds, 184 Mo. 679; Miller v. Miller, 17 Ore. 423; Crooks v. Crooks, 34 Ohio St. 615; Thompson v. Allen, 103 Pa. St. 44; Jones v. Clifton, 101 U. S. 225; Gould v. Glass, 120 Ga. 50; Denning v. Williams, 26 Conn. 226; Thornton on Gifts, secs. 224 to 246; Kriz v. Peege, 119 Wis. 105; Anbry v. Schneider, 69 N. J. Eq. 629; Johnston v. Johnston, 173 Mo. 91; Thomas v. Harkness, 76 Ky. (13 Bush.) 23; Fiero v. Betts, 2 Barb. (N. Y.) 633; State ex rel. Toebben v. Brady, 53 Mo. App. 202.

*Henry S. Priest* and *R. M. Nichols* for respondents.

(1) The distinctive feature between this suit and the ones pending at the trial, which are alleged to have absorbed the jurisdiction and make the bill multifarious, is that this suit seeks an injunction against the enforcement of a judgment procured by fraud and prays a stay of the foreclosure sale until the alleged title, which grew up under the fraudulent judgment, can be removed as a cloud. (2) The issues being different and the parties being different, there is no estoppel to the maintaining of this suit. State ex rel. Craix v. Dougherty, 45 Mo. 294; Rodney v. Gibbs, 184 Mo. 10; Long v. Lackawanna C. & I. Co., 233 Mo. 713; Pocoke v. Peterson, 256 Mo. 514; Note to Disbrow Mfg. Co. v. Creamery Pack. Mfg. Co., L. R. A. 1918-A, p. 3; 1 R. C. L. p. 13, sec. 4. (3) The fraudulent judgment affected both the title to the stock and the realty; the Rookery Company is interested in the question as to who is the owner of its stock, while Gerardi, as a stockholder, is interested as to who was the owner of the realty, the Rookery Company or Johnson. The trial of Gerardi's claim to the stock and the Rookery Company's title to the realty, and the removal of the fraudulent judgment

as a cloud upon each, in no way presents any confusion; the relief sought and given are the same for each. The interests of both respondents were so interwoven that the pleadings do not violate the rule of multifariousness. Ruby v. Barnett, 12 Mo. 3; Waddell v. Waddell, 99 Mo. 338; 8 R. C. L. sec. 31, p. 28; 10 R. C. L. sec. 192, p. 430. (4) Neither did the petition nor the writ of *scire facias* (Beattie Mfg. Co. v. Annie Gerardi) disclose the fact when or where Edward White died, or under the laws of what state Mary B. J. White and Mary Elizabeth White Miller became executrices, nor that they were discharged as such a year before the filing of the petition and the issuance of the writ. Upon that petition as drawn the court had apparent jurisdiction, but when it was, without contradiction, shown that White lived and died in New York; that Mary B. J. White and Mary Elizabeth White Miller were, under his will, executrices, qualified under the laws of New York, and that they had been discharged for a year prior to the institution of the *scire facias* proceedings; that J. B. Johnson, the owner of the judgment, was a brother-in-law of Edward White and had the old judgment assigned to him as cover; that John A. Gilliam was not employed by the executrices, but, notwithstanding, signed the petition as attorney for "usees;" the conclusion is inevitable that the petition was drawn, and the *scire facias* issued, for the express purpose of suppressing these facts, so that the court would take jurisdiction of the parties and the subject-matter. This scheme of suppression of facts was a perfect fraud upon the court, for the express purpose of inducing the court to take jurisdiction of the suit to revive the judgment. These plaintiffs can impeach the judgment when their interests are sought to be affected. 15 R. C. L. sec. 157, p. 706; Wonderly v. Lafayette Co., 150 Mo. 635; Howard v. Scott, 225 Mo. 685; Lieber v. Lieber, 239 Mo. 1; McDonald v. McDaniel, 242 Mo. 176; Davis v. Albritton, 127 Ga. 517; 8 L. R. A. (N. S.) 820; Chicago, R. I. & P. Ry. Co. v. Callicotte, 267 Fed. 799. (5)

Respondents, being neither a party nor a privy to the judgment of revival in favor of Beattie Manufacturing Company for the use of said supposed executrices, against Annie Gerardi, are not bound thereby.   They can, therefore, impeach said judgment of revival on the ground that the foreign executrices had no capacity to sue in the courts of Missouri for the revival of said judgment, or on the ground that said executrices were not such at the date of presenting the petition, and the issuance of the *scire facias* in their behalf, but had been discharged about a year prior thereto; or on the ground that the foreign executrices had no title to the asset in Missouri, because the situs of the judgment is in Missouri; or on the ground that the attorney presenting the petition for the *scire facias* had no authority so to do, and that the judgment of revival was entered upon his unauthorized appearance, and is, therefore, void; or on the ground that the court entering the judgment of revival had no jurisdiction of the parties to the action; or on the ground that the judgment of revival was the result of a fraud upon the court.   23 Cyc. 1068; Russell v. Grant, 122 Mo. 180; Holland v. Cunliff, 96 Mo. App. 82; Hedrix v. Hedrix, 103 Mo. App. 44; Houser v. Hoffman, 32 Mo. 334; Mining Co. v. Coyne, 164 Mo. App. 493; 15 R. C. L. sec. 314, p. 840; Simmons v. Mo. Pac. Ry., 19 Mo. App. 544; Freeman on Judgments (3 Ed.) secs. 335, 337.   (6)   Respondents Rookery Realty, Loan, Investment and Building Company and Joseph Gerardi are in no way bound by the judgment rendered against Annie Gerardi, and they can show that at the institution of the *scire facias* proceeding in the names of Mary B. J. White and Mary Elizabeth White Miller as executrices of the estate of Edward White, deceased, they were not such, either in the State of Missouri or the State of New York, having been discharged in the latter state one year prior to the institution of the *scire facias* proceeding in their names, and consequently had no right, title or interest in the judgment and no right to sue, and the suit to

revive was a mere fiction. Beattie Mfg. Co. v. Gerardi, 214 S. W. 192; Hutchins to use v. Blackford, 35 Mo. 285; Weise to use v. Garner, 42 Mo. 527; Headlee v. Cloud, 51 Mo. 301; State ex rel. Wilson v. Dodson, 63 Mo. 451; Sells v. Tootle, 160 Mo. 604; Gruender v. Frank, 167 Mo. 719; 20 R. C. L. secs. 4 and 5, p. 664, and sec. 38, p. 699; Washington v. Young, 10 Wheat. 406, 6 L. Ed. 352; Mexican Mill Co. v. Yellow J. Min. Co., 4 Nev. 40, 97 Am. Dec. 510; Alexander v. Knox, 6 Sawyer, 54 Fed. Cas. No. 170; Pelham v. Edelmeyer, 15 Fed. 262; Ward v. Petrie, 157 N. Y. 301; Murtey v. Allen, 71 Vt. 377; 15 Ency. P. & P. 487, 491; Dent v. Merriam, 113 Ga. 83; Vale Royal Mfg. Co. v. Bradley, 8 Ga. App. 483; Ray v. Honeycotte, 119 N. C. 510. (a) No one could legally revive the judgment except Johnson. Reyburn v. Hanlon, 165 Mo. App. 412; Bick v. Tansey, 181 Mo. 523; Haupt v. Burton, 21 Mont. 572, 69 Am. St. 698; Adams v. Adams Co., 92 N. W. 597. (b) In the judgment of revival to the use of Mary B. J. White and Mary Elizabeth White Miller, executrices of the estate of Edward White, deceased, this court has held that "the naming of usees was" not "mere surplusage in the Beattie Mfg. Co. case." Beattie Mfg. Co. v. Gerardi, 214 S. W. 189. (7) When J. A. Gilliam petitioned the circuit court for a *scire facias* in the names of "Mary B. J. White and Mary Elizabeth White Miller, executrices of Edward White, deceased," and signed the petition "John A. Gilliam, Attorney for Usees," he impliedly stated to the court that he represented said petitioners; that they were such executrices; that they, as such, owned the cause of action. His testimony shows that he did not know them; that he had no communication with them, and only represented J. B. Johnson and refused to disclose any information he got from his client. At the time of filing his petition he knew that White had died in New York; he knew, when he signed the petition "attorney for usees," that these executrices of White's estate were such under the laws of New York; he knew that

they could have no right to sue in Missouri; that they could have no title to the cause of action in Missouri, and that they had been discharged as such when he instituted the proceeding in their names.  This unscrupulous perfidy, duplicity and want of authority can be shown by respondents to impeach the judgment, execution and sale.   Edgar v. Stover, 59 Mo. 88; Napton v. Leaton, 71 Mo. 367; Bradley v. Welch, 100 Mo. 268; Peterson v. Yancey, 97 Mo. App. 694; 2 R. C. L. sec. 61, p. 985; Reynolds v. Fleming, 30 Kan. 106, 46 Am. Dec. 86; Harshey v. Blackmer, 20 Iowa, 161; Shelton v. Tiffin, 47 U. S. 163, 12 L. Ed. 387; Lawrence v. Jarvis, 32 Ill. 304;  Pennywit v. Foote, 27 Oh. St. 600;  Ferguson v. Crawford, 70 N. Y. 253;  4 Blackstone's Comm., 134; 15 Encl. P. & P. 476; Meeker v. Straat, 38 Mo. App. 239; State ex rel. v. Westport, 135 Mo. 120; Houtz v. Hellman, 228 Mo. 670; State ex rel. v. McQuillin, 229 Mo. 525; Peltzer v. Gilbert, 260 Mo. 500; Haley v. Eureka Co. Bank, 128 L. R. A. 815.   (8)   The foreign executrices, having no title, right or interest in the judgment, could acquire none by the farce of reviving the judgment in their names.   The whole proceeding was *coram non judice* and void.   Naylor v. Moffitt, 39 Mo. 129; Emmons v. Gordon, 140 Mo. 498; De La Vergen v. Richardson, 198 Mo. 189; Miller v. Hoover, 121 Mo. App. 571; Crohn v. Bank, 137 Mo. 712; Bank v. Dowdy, 175 Mo. App. 482; 11 R. C. L. sec. 532, p. 432.   (9) The rambling return to the order to show cause was understood by the court to be a general denial in some things, and in others new matter.   To this new matter plaintiffs filed a reply.   At no time during the pendency of the suit, and before judgment, was any other answer filed, or sought to be filed, but the case was treated as submitted upon the facts alleged in the bill and the answer.   The scope of the evidence offered by the defendants tended to contradict the allegations of the petition.   There was no error assigned in the motion for a new trial that a "final decree was made on the order to show cause why an injunction should not

be granted," nor "without any trial upon the merits, without any answer to the merits, and without opportunity to file a crossbill." The appearance of the defendants and the trial of the allegations of the petition and return upon the merits, although before the return day, conferred jurisdiction upon the court to enter the decree upon the merits, which, so far as the injunction is concerned, is only temporary. R. S. 1919, sec. 1967; Harding v. .Carthage City, 105 Mo. App. 16; Gas Co. v. Joplin, 182 Mo. App. 433; Brakeley v. Tuttle, 3 W. Va. 86; Anderson v. Moore, 145 Ill. 61; Miller's Eqt. Proced., 686; Stackpole v. Hancock, 45 L. R. A. 814. (10) There is no adequate remedy at law by which respondents could have canceled or annulled the judgment, execution and sale of their property as the property of Annie Gerardi, but equity has exclusive jurisdiction to remove clouds upon title to real estate and personal property. The respondents are in possession. Pocoke v. Peterson, 256 Mo. 519; Carpenter v. St. Joseph, 263 Mo. 713; Voight v. Hart, 226 S. W. 248; Sec. 1969, R. S. 1919. (11) The statute grants the remedy by injunction where the property (either real or personal) is "being sold under execution against a person . . . having no interest in such real estate subject to the execution at the time of sale." Payne v. Daviess Co. Sav. Assn., 126 Mo. App. 597; Long v. Palisades Bank, 198 S. W. 1129. (12) Neither by the return to the order to show cause nor by objection to testimony, nor in the motion for a new trial, does the defendant take the position that the plaintiff had an adequate remedy at law with respect to the stock. Adequate remedy at law must be pleaded, and defendant cannot avail himself of that position after submitting to the jurisdiction of the court, and for the first time in the appellate court. Oldham & Braddus v. Trimble, 15 Mo. 225; Shickel v. Watts, 94 Mo. 410; 4 R. C. L. sec. 5, p. 491; Bank of Utica v. Mersereau, 49 Am. Dec. 189; Ryan v. Duncan, 88 Ill. 144; Gage v. Griffith, 103 Ill. 41; Strausse v. Bank, 9

Col. App. 478. (13) Defendant joined in the issue as to the ownership of the stock, introducing evidence tending to show that Joseph Gerardi did not own it at a prior date, and that therefore the sale under the void execution was no cloud upon his title. His motion for a new trial questions the sufficiency of the court's finding under the evidence as to the ownership. Neither in his return to the order to show cause nor in his motion for a new trial, or by objection, did he question the jurisdiction of the court to grant the relief extended to the stock as incidental to the relief granted to the title of the real estate. The court has jurisdiction to remove a cloud upon personal property. R. S. 1919, sec. 1969; Pomeroy on Remedies & Remedial Rights, sec. 369; State Sav. Bank v. Kercheval, 65 Mo. 682; Schabach v. McDonald, 179 Mo. 163; 14 R. C. L. pp. 365-6, secs. 66-7; Voss v. Murray, 50 Oh. St. 19; Sherman v. Fitch, 98 Mass. 59; Magunson v. Clithero, 101 Wis. 551. (14) Injunctive relief is given by the statute "in all cases where a cloud would be put upon the title of real estate being sold under an execution against a person having no interest in such real estate subject to execution at the time of sale, or an irreparable injury to real or personal property is threatened, to prevent the doing of any legal wrong whatever." This remedy is given where the title to real estate sold under an execution against a person "having no interest in such real estate," and whether or not it would require extraneous evidence to show that they had no such interest. One of the issues in the case was that Annie Gerardi had no interest in either the stock or the real estate, and the court found that she had no interest in either. R. S. 1919, sec. 1969; Gardner v. Terry, 99 Mo. 523; Charter etc. Co. v. Cummings, 90 Mo. 267; Martin v. Jones, 72 Mo. 23; Skinker v. Heman, 64 Mo. App. 441; Annot. Cases (A. & E.) 1917-D, p. 125; Gato v. Christian, 112 Me. 427; Fisher v. Hartman, 165 Pa. St. 16; Note to Mankin v. Dickinson, Ann. Cas. (A. & E.) 1917 D, p. 125. (15) That Annie Gerardi had no

interest in either the stock or the real estate would require evidence *aliunde* to establish the fact. The case of Beattie Mfg. Co. v. Annie Gerardi, held that the judgment of revival was valid as against her, and the bill alleges and the evidence shows that the invalidity of that judgment could only be established by facts *aliunde.* (16) While an indemnifying bond is a waiver of the right of the third party claimant of the property levied on by the sheriff to proceed against the sheriff for trespass, the claimant of the property levied on does not thereby waive his right to proceed, either at common law or in equity, against the original plaintiff, or his agent, who instigated the trespass. 10 R. C. L. 1286, sec. 81; State to use v. Doan, 39 Mo. 51; Belkin v. Hill, 53 Mo. 496; State ex rel. Mastin v. McBride, 81 Mo. 349; State ex rel. Redmond v. Durant, 53 Mo. App. 495; Klie v. Wellman, 189 Mo. App. 601; Lovejoy v. Murray, 70 U. S. 1, 18 L. Ed. 128; Woodworth v. Gorsline, 30 Col. 186, 58 L. R. A. 417.

SMALL, C.—Suit in equity to enjoin a trustee's sale of real estate belonging to plaintiff Rookery Company, and to remove a sheriff's deed to said real estate and a sheriff's bill of sale of the stock in said company as a cloud upon the title of the plaintiff corporation to the real estate and upon plaintiff Gerardi's title to the stock in said corporation. The plaintiffs had judgment below and defendants appealed.

The salient facts are: A judgment against Annie Gerardi, the wife of the plaintiff Joseph Gerardi, in favor of the Beattie Manufacturing Company, was rendered on the 18th day of May, 1896, for $14,235.36, in the Circuit Court of St. Louis. It was duly revived May 15, 1906. Defendant James B. Johnson purchased it April 15, 1908, for $500 or $1,000, but had it assigned to Edward White, his brother-in-law, who lived in New York State. His executrices were Mary B. J. White and Mary Elizabeth White Miller. After the administration in New York was closed, defendant Johnson instituted

proceedings in the Circuit Court in St. Louis on March
14, 1906, to revive the judgment. The petition and writ
of *scire facias* recited the rendition of the judgment, its
transfer to White, his death, and that his said executrices
held the legal title to said judgment, and that no part
of it had ever been paid except $75. It stated nothing
as to the ownership of Johnson, or that the ad-
ministration of White's estate was in New York or that
his executrices were appointed in that State. The writ
commanded said Annie Gerardi to show cause why said
judgment should not be revived to the use of said exe-
cutrices of the estate of said Edward White, deceased.
Said Annie Gerardi for answer or return to the writ and
petition, filed a general denial. Judgment of reviver
was rendered on the 11th of June, 1916. Mrs. Gerardi
appealed to this court, where the judgment was affirmed.
[214 S. W. 189.] We held that her answer admitted the
capacity of the executrices of White's estate to sue for
the reviver of said judgment, and that an answer tender-
ed by her pending the trial alleging that said executrices
had no capacity to sue because appointed by the pro-
bate court of New York was properly refused by the
circuit court, as it was tendered too late. No *supersedeas*
bond having been given, execution was issued on said
revived judgment, October 31, 1916, and all the shares
of stock in the Rookery Realty, Loan, Investment &
Building Company, to-wit, thirty shares of the par value
of $100 each, were sold by the sheriff to the defendant,
James B. Johnson, for $51, as the property of said
Annie Gerardi. On the 7th day of December, 1916, un-
der said execution all the real estate, being about 215
feet fronting on Kingshighway and Maryland Avenue,
which stood in the name and was claimed to be owned
by the plaintiff Rookery Company, was sold as the prop-
erty of said Annie Gerardi and purchased by defendant,
James B. Johnson for $75. A bill of sale for the stock
and deed for the real estate was subsequently made by
the sheriff to said Johnson and filed for record on the
9th of December, 1916.

Thereupon Johnson transferred a share of stock to each of two other parties, and with them and himself as directors, proceeded to take formal control and possession of the corporation. July 24, 1917, Johnson also notified the Mortgage Trust Company of St. Louis, as the agents of the holder of a $65,000 deed of trust upon the real estate of the Rookery Company, that he had purchased all the stock in the company at the execution sale against Annie Gerardi, but that Joseph Gerardi had filed a claim as the owner thereof and that he, Johnson, as the owner of said stock, would not recognize any renewal of said deed of trust or note secured thereby, nor any obligation nor conveyance of said Rookery Company, to which he did not consent.

Thereupon, Joseph Gerardi, as plaintiff, on the 15th day of September, 1917; brought suit against James Brooks Johnson, as defendant, being No. 12,841, in said circuit court, setting up that he was and always had been the owner and in possession of all the shares of stock in said Rookery Company, but that defendant Johnson had purchased them as the property of Annie Gerardi at said execution sale for said sum of $51. That Johnson had fraudulently procured the revival of said judgment by suppressing the fact from the court, that he, Johnson, was the owner of said judgment and always had been since the assignment to said White, who was a mere "straw" man for Johnson, and that said White's estate had been settled and his said executrices discharged by the probate court of New York, before said writ of *scire facias* was applied for or issued. And therefore that said judgment of reviver and sale of said stock under the execution issued thereon, was void. Also that said sale was void because said stock was worth $60,000 and the sale thereof for $51 was unconscionable and so grossly inadequate as to shock the conscience of a court of equity. That Johnson, claiming to be the owner of said stock, had attempted to interfere with the property and business of the corporation and had warned

the holder of a $65,000 loan thereon not to renew the same, so as to force a sale of said property under said deed of trust, which will result in great loss to the plaintiff as such owner of the stock of the company. Prayer is for an injunction restraining defendant Johnson from claiming title to said stock, from interfering with the business or property of the corporation and for cancelation of the sale thereof to Johnson by the sheriff.

The defendant Johnson filed an answer and cross-bill setting up his purchase of the stock at the execution sale mentioned and averring that the defendant in said execution, Annie Gerardi, was the owner of all of said stock, at the time of the levy on and sale thereof, and asked that certain other parties, the children of said Joseph Gerardi and Annie Gerardi, and others, in whose name some of the stock stood, be made parties and decreed to hold said stock for defendant Johnson.

The reply, in which said children and other parties joined, put the matter in the cross-bill in issue.

The same day the foregoing petition was filed by Joseph Gerardi against James Brooks Johnson another suit was caused to be filed by said Joseph Gerardi in said circuit court, No. 12, 842, by the Rookery Realty, Loan, Investment & Building Company, as plaintiff, against James Brooks Johnson, Joseph Gerardi and Annie Gerardi, and others in whose names stock in said company stood, as defendants. This petition recited that on December 27, 1906, the plaintiff Rookery Company was seized of the property on Kingshighway, hereinbefore mentioned, and ever since has been and still is the owner and in possession thereof. It then recited the procuring of the judgment by the Beattie Manufacturing Company against Annie Gerardi and the revivor thereof, and the sale of its property under the execution issued on such revived judgment as the property of Annie Gerardi, and the purchase thereof by the defendant Johnson and the execution of the sheriff's deed to him therefor, all of which was alleged to have

been fraudulent and void, substantially as heretofore stated, which the petition alleged created a cloud upon the plaintiffs' title. The prayer asks the court to remove such cloud by its decree.

To this petition James Brooks Johnson filed an answer and cross-bill admitting he bought the property as alleged and that he claims to be the owner and entitled to the possession thereof, but denies every other allegation in the petition. He also sets up his purchase and ownership of all the capital stock of said corporation, and asks that the court ascertain who filed or caused said suits to be filed. Said answer by way of cross-bill further sets up that there are other parties who claim to own some of said stock, which was, however, owned by said Annie Gerardi, when he purchased same at said execution sale and is owned by said Johnson by virtue of such purchase. The prayer is that the court settle the title to said real estate and stock and decree to defendant his interest therein.

To this cross-bill the Rookery Company, Joseph Gerardi, Annie Gerardi and other parties made defendants, filed answer setting up, in substance, that said Beattie Manufacturing Company's judgment against Annie Gerardi was fraudulently revived by said Johnson, and the execution thereon and the purchase of said stock and real estate by said Johnson was void, setting out the reasons therefor in substance as heretofore stated, and that Johnson had no interest therein.

Afterwards, on February 18, 1918, James B. Johnson and said Rookery Company, as plaintiffs, brought a suit against Joseph Gerardi Hotel Company, Joseph Gerardi and others, including the trustee and the unknown holders of said $65,000 deed of trust and said Rookery Company, as defendants. The petition set up the purchase by the said Johnson under said execution against Annie Gerardi of said real estate and of said shares of stock, and that plaintiffs bring said suit to quiet title to said real estate and said stock as against

defendants, setting up as to said $65,000 note that be-
tween $2600 and $3000 usurious interest had been paid
thereon, and that said Rookery Company had joined
the plaintiff Johnson in bringing the suit by authority of
its board of directors and stockholders.

All the defendants, except Joseph Gerardi and the
Rookery Company, filed answer, disclaiming any inter-
est in the controversy and denying all allegations in the
petition.   Joseph Gerardi and the Rookery Company
filed answer setting up the ownership of said real estate
by the Rookery Company as hereinbefore stated, and
of the capital stock thereof by the defendant Joseph
Gerardi and that the suit was instituted without the
authority of said Rookery Company by the plaintiff,
James B. Johnson, who had no interest in the stock.
Further answering by way of cross-bill said defendants
set up the purchase by said Johnson of said real estate
for $75 and of all the stock in said company for $51
under said execution, which was void for the reason that
the judgment was fraudulently revived and that the de-
fendant in said execution, Annie Gerardi, had no interest
in said real estate or in said stock, and that said execu-
tion sale and the sheriff's deed and bill of sale there-
under casts a cloud upon the title of said Joseph Gerardi
to said stock, and of said Rookery Company to said real
estate.   The details as to the invalidity and fraudulent
character of said judgment or reviver being alleged to
be substantially the same as alleged in the other plead-
ings in other cases hereinbefore mentioned.

The petition in the case before us was filed January
25, 1920.   The Rookery Company and Joseph Gerardi
being plaintiffs, and James  B.  Johnson  and  George
Meisinger, substitute trustee in said $65,000 deed of
trust, being the defendants.   Said petition sets up the
ownership of said real estate by said Rookery Company
and the ownership at all times by said Joseph Gerardi
of the $3,000 capital stock of said Rookery Company, the
making of said deed of trust for $65,000 by said Rookery

294 Mo.—31

Company on September 23, 1911, to Thomas W. Bennett, as trustee, extension of the same to September 23, 1917, and subsequently from month to month, until the 23rd day of September, 1919. The petition then alleges the purchase by defendant James B. Johnson, on April 15, 1908, from said Beattie Manufacturing Company, of its judgment against Annie Gerardi for $14,235.36, and the revival thereof as hereinbefore stated; that Johnson caused said judgment to be assigned to said Edward White, who died in 1914; that said White never had any interest in said judgment, but held it for the use and benefit of said Johnson; that neither the plaintiffs nor said Annie Gerardi knew that Johnson had any interest in said judgment until October, 1917, which was after said judgment was revived in the circuit court. The petition then further alleges that said judgment of reviver was fraudulent and void because the defendant Johnson, who caused the same to be revived, fraudulently suppressed the fact from the court that he was the owner of the judgment and fraudulently alleged that it had been assigned to said White and that his executrices held the legal title to it. He also fraudulently suppressed from the court in the petition and application for such reviver that said White died a non-resident of the State and that there was no administration of his estate in Missouri, but it was administered in New York where said executrices were appointed and that said estate had been settled in New York and said executrices had been discharged, all of which said Johnson well knew before he filed application for said *scire facias* to revive said judgment. By reason all of which, said reviver of said judgment was fraudulent and void, and the execution sale of said stock and said real estate thereunder was also void. Furthermore, that the defendant in said execution, Annie Gerardi, had no interest in said stock or in said real estate, and such sheriff's sale cast a cloud upon the title of said Rookery Company to said real estate and upon the title of said Joseph Gerardi to said stock. That

after said Johnson so fraudulently purchased said real estate and said stock at said void execution sale, he notified the trustee in the deed of trust and the agent of the holder of said note for $65,000 not to renew said note or deed of trust unless he consented thereto in writing, which prevented said Rookery Company from obtaining a renewal of said note for a definite period when it matured on September 23, 1917, with the purpose on the part of said Johnson of forcing the foreclosure of said deed of trust and enabling said Johnson to purchase the property at less than half its value.

Then follow allegations that said Johnson instituted said suit No. 29,485, on November 15, 1919, reciting the purpose and allegations thereof as heretofore indicated, and that same was instituted to destroy the vendibility of said note by charging it was usurious, so that plaintiffs could not obtain persons to purchase or carry said note until plaintiffs could remove defendant Johnson's claim as a cloud on their title; that after the answer in said suit was filed, said Johnson purchased said $65,000 note, and then filed a petition in the circuit court to appoint a new trustee in the deed of trust securing said note, in place of the original trustee, Thomas W. Bennett, who had resigned, and the court, without notice to the plaintiffs or any party interested in said real estate, appointed defendant Meisinger as substitute trustee, who, at the request of defendant Johnson, has advertised said real estate to be sold under said deed of trust on January 17, 1920. That said appointment of said substitute trustee was void for failure to give plaintiffs notice thereof. The petition then alleges the institution of said suits, Nos. 12,841 and 12,842, on September 15, 1917, by plaintiffs Joseph Gerardi and Rookery Company, respectively, against said James B. Johnson, stating the purpose and allegations thereof as hereinbefore mentioned, and that said suits were tried by the chancellor, and on April 7, 1919, judgment was rendered in each of said suits, dismissing the plaintiffs' petition

therein and dismissing defendants' cross-bill. That the plaintiffs, after motion for new trial was overruled, appealed said causes to the Supreme Court, where they remain pending. That the title to said real estate by the acts of said Johnson has become so clouded that plaintiffs are unable to refund said indebtedness by borrowing any sum of money thereon, although said sheriff's deed and bill of sale, under said revived judgment and execution against said Annie Gerardi, are null and void, and although the equity of redemption in said property is reasonably worth $60,000; that if said sale under said deed of trust is not enjoined, said Johnson will obtain an unconscionable advantage over the plaintiffs. The prayer is to enjoin said sale until such time as the court may determine the rights of said Johnson under said sheriff's sale and sheriff's deed and bill of sale and whether said substitute trustee was legally appointed, and if said sheriff's sale and substitute trustee's appointment are void that a decree may be entered removing as a cloud upon plaintiffs' title the said sheriff's deed and bill of sale so made and recorded, or until the Supreme Court has passed upon said appeal, and said Johnson's claim under said sheriff's deed and bill of sale, in said causes now pending therein. Also further enjoining said Johnson from further prosecuting his suit No. 29,485, theretofore instituted to quiet title to said real estate and stock, and further relief. A second paragraph is added to plaintiffs' petition herein, asking that said execution sales to defendant Johnson be set aside for inadequacy of price and that said trustee's sale be enjoined until it is determined whether said execution sale to said Johnson is not void for that reason.

On the presentation of the plaintiffs' petition herein, the court issued a temporary restraining order and an order for defendants to show cause why a temporary injunction should not issue as prayed. On Monday, January 12, 1920, defendants filed a paper styled a return to the order to show cause setting up, among other

things, lack of necessary parties, in that Annie Gerardi and other parties in whose names said stock stood were not made parties. That the petition is multifarious, in that both plaintiffs are not interested in the whole subject-matter of the suit, plaintiff Joseph Gerardi having no interest in the land, and plaintiff Rookery Company having no interest in the capital stock involved. That plaintiffs were not parties to said suit of Beattie Manufacturing Company against Annie Gerardi and cannot attack the judgment therein. That said judgment against said Annie Gerardi was duly revived in the circuit court and affirmed by the Supreme Court, and is finally adjudicated and the circuit court has no jurisdiction in that matter. That said suits 12,841 and 12,842, brought, respectively, by said Joseph Gerardi and said Rookery Company against said Johnson, raised all the questions and issues raised by the petition in this case, and that upon a trial thereof plaintiffs' petitions in said cases were dismissed by the court, and afterwards said causes were appealed by the plaintiffs to the Supreme Court where they are still pending, That the inclusion of said issues in this cause makes the petition herein multifarious, and this court has no jurisdiction of such issue, jurisdiction thereof being in the Supreme Court in said prior causes. That the inclusion of said matters in this cause which were included in said causes Nos. 12,841 and 12,842 is an endeavor to get a new trial of said matters without awaiting the action of the Supreme Court, although Judge Taylor of the circuit court, upon a trial thereof, dismissed both of said causes and refused a new trial therein, and said causes are prior suits pending and were tried and appealed before this suit was brought. That the cross-bills of said defendant Johnson in said prior suits, Nos. 12,841 and 12,842, were dismissed without prejudice and thereafter he filed his petition in said cause No. 29,485 in said circuit court, which, with the cross-bill therein, raise the same issues as in this case, except the sale of the property under said

$65,000 deed of trust. That said cause is still pending, but was dismissed as to defendant Bennett and the holder of said note before this suit was brought, but not as to the other parties defendant. That defendant Johnson is the owner of the said $65,000 note and deed of trust and interest thereon since September 23, 1919, and it is due and unpaid, and there are unpaid taxes amounting to $10,021.35 on said property. Wherefore defendant, having duly shown cause, asks that the said injunction be denied and the temporary restraining order be set aside and defendants adjudged their costs and expenses.

Upon the hearing of the order to show cause and the return thereto of the defendants, the parties submitted oral and record testimony bearing upon all the issues and merits of the case. The ownership of the real estate, being at all times in the Rookery Company, and that Mrs. Annie Gerardi was never interested therein, were not seriously contested. There was some conflict in the testimony as to whether Joseph Gerardi owned all the capital stock of the company. Joseph Gerardi and one of his daughters, who had held some stock in her name, testified that all of the stock had always belonged to him, but that two shares were issued to his wife, Annie Gerardi, ten shares to his son Joseph Gerardi, Jr., and some of the other shares to different members of his family to organize the corporation. But that the certificates for such shares were immediately indorsed in blank and delivered back to said Joseph Gerardi, and that he had always owned and had possession of them, except when they were put up as collateral for money borrowed by him. The name of defendant James B. Johnson was written in pencil on the margin of several of the certificates which Joseph Gerardi testified was written there by Johnson when he pledged them with Johnson as security for loans on several occasions. Johnson admitted his signature thereon and that he had held the shares as collateral, but said he had loaned money on such shares to different members of the family. There was also evi-

dence that about 1909, in litigation with another party, Joseph Gerardi had represented and made affidavit that the greater part of said stock belonged to his son, Joseph Gerardi, Jr. Said son was dead at the time of the trial, but no inventory of his estate was introduced to show that he ever owned any of such stock. Said Gerardi and his wife also signed a memorandum in defendant Johnson's book mentioned in the following extract from the opinion of the court below, filed with its decree, which we adopt as our finding from the record regarding the facts as to the ownership of the said stock. The learned court says:

"I find that all of the stock of the Rookery Company did belong from the organization of the company and still belongs to Joseph Gerardi. The evidence shows that Annie Gerardi only held two shares of said stock in her name, and had indorsed it back to Joseph Gerardi from the beginning, and as the sale under the revived Beattie Manufacturing Company judgment against Annie Gerardi only conveyed her right, title and interest to said stock, those two shares could not have passed under said execution sale, as she did not own them at any time.

"The defendant also showed in the written journal of defendant Johnson a memorandum dictated by him and written by C. D. Comfort, his bookkeeper, which reads as follows: 'April 3, 1909. At the request of Mrs. Annie Gerardi and Joseph Gerardi, I became surety on appeal bond in the case of Joseph Gerardi, Jr., et al. v. Harvey L. Christie et al., for $3,000, courtroom No. 1, Judge Muench. This pertains to the injunction relative to cancellation of a deed of trust on property on Kingshighway and Maryland Avenue, city block 3881, owned by us, [signed] 'Annie Gerardi, Joseph Gerardi,' and witnessed by 'C. D. Comfort.' 'This [the above] is correc, Joseph Gerardi, Jr.' I do not regard this as overthrowing the testimony of Joseph Gerardi and his daughters as to his ownership of stock of the Rookery Company, for the reason that the evidence shows that Annie Gerardi held in her name two shares, and the other members of the Gerardi family held the balance of said stock

on the records of the company, which they had assigned back to Joseph Gerardi, so that the memorandum in defendant Johnson's Book as to the stock was technically correct.

"On the whole testimony, I am satisfied, although the stock of the Rookery Company was in the name of other members of the Gerardi family, that the preponderance of the testimony shows that Joseph Gerardi was the owner of said stock, and that defendant Johnson knew said fact and recognized his ownership by making loans to him on that stock as collateral.

"Of course, if the memorandum intended to state that Annie Gerardi and Joseph Gerardi held the title to said property, it was incorrect, as the testimony shows that the title to the property was held by the Rookery Company, and the Gerardis and defendant Johnson knew that fact."

The evidence showed the real estate was worth from $125,000 to $150,000.

On July 19, 1920, the court rendered final judgment for plaintiffs annulling said execution sale of the real estate and corporate stock and adjudging that said real estate was the real estate of the plaintiff Rookery Company and said Annie Gerardi had no interest therein, and that the said stock belonged to the plaintiff Joseph Gerardi and said Annie Gerardi had no interest therein; that the revival of said judgment against said Annie Gerardi was fraudulent and void for the reasons alleged by the plaintiffs in their petition in this cause. That said trustee's sale be enjoined until thirty days after the adjournment of said term of court, and that if appeal is taken until thirty days after the appeal is disposed of by the appellate court, but that the restraining order is modified so far as it prevents the further prosecution of said cause No. 29,485 of this court. There was no evidence that the appeals in said causes Nos. 12,841 and 12,842 had been dismissed at the time of the trial, but, it is stated in appellant's brief filed in this court, that said causes were dismissed in this court on the 25th day of October,

1920. Upon failing to have their motion for new trial sustained, the plaintiffs properly appealed to this court.

I. As to the prior suits Nos. 12,841 and 12,842, between the parties: It is not claimed that the judgment of dismissal in those cases, which was not introduced in evidence, is *res adjudicata;* presumably, therefore, the dismissal was without prejudice; but that said suits were prior suits pending involving the same issues, and that the appeal therein was not dismissed until after the trial and judgment in this case, to-wit, on October 25, 1920. This being so, the error of the lower court in not abating the trial of this case, if any, because said suits were at that time pending, is without substance, because they are not now pending and cannot be given any effect by us or by the trial court, should we remand the case for a retrial. We rule this point against appellants.

*Pending Suit.*

II. As to said cause No. 29,845: It is not a suit pending within the meaning of our statute (Sec. 1226, R. S. 1919), because it was not brought by the plaintiffs herein but by the defendants, and the issues, which are the same in that case as in this, were made by the plaintiffs here and the defendants there in their cross-bill or answer in that case. Under such circumstances, such a suit is not a prior suit pending which is a cause for special demurrer under said statute. [Rodney v. Gibbs, 184 Mo. l. c. 10-11.]

*Pending Suit.*

III. We cannot hold that defendant Johnson committed any fraud upon the court or parties in not reviving said judgment in the case of Beattie Manufacturing Company against Annie Gerardi, in his own name, or carrying the assignment thereof in the name of his brother-in-law, White, or using the name of said White's executrices as usees in said proceedings to revive said judgment. Said Johnson being the real owner of said judgment and conducting the proceedings by his own attorney, would

*Revival of Judgment: Fraud.*

have been bound by any adverse rulings therein and no fraud was committed by him upon any parties in interest. Nor was any fraud committed on the jurisdiction of the court by not bringing said proceedings as assignee in his own name. First, he could not revive said judgment as assignee in his own name, but only in the name of the original plaintiff, in the case, which he, in effect, used in said proceeding. [Goddard v. Delaney, 181 Mo. 564.] Second, if he had brought it in his own name as usee, he being a citizen of Missouri, the court would not, for that reason, have been ousted of its jurisdiction, but according to appellants' claim most firmly entrenched therein. So that we rule said *scire facias* proceedings were neither a fraud upon the parties nor the court, but were valid and binding as to plaintiffs and all other persons.

V. Will injunction lie in this case? We think so. We have found, in concurrence with the learned chancellor below, who saw and heard the parties, that at the time of said levy on and sale of said real estate and capital stock, the defendant in said execution, Annie Gerardi, had no interest therein, but that said real estate was owned by the Rookery Company and the stock by plaintiff Joseph Gerardi. That after obtaining his sheriff's deed and bill of sale and putting the same upon record, said Johnson notified the holder of said $65,000 note and deed of trust that he owned said stock and not to extend said note or take any new papers from said Rookery Company without his consent. He also brought suit, making himself and said Rookery Company plaintiffs, charging said note for $65,000 was infected with usury. He also claimed to own said real estate. All of this tended to, and under the evidence did, prevent the plaintiffs from getting said loan extended when it fell due and from making a new loan on the property to redeem it from said deed of trust. Said Johnson then purchased said $65,000 note himself and then advertised the property for sale by the substitute

*Injunction.*

trustee, defendant Meisinger, as charged in the petition. Under such circumstances plaintiffs could not prevent a foreclosure of said deed of trust and the sacrifice of their property at such sale, although it was worth, according to the evidence, twice as much as the deed of trust upon it. All of this was accomplished by the said Johnson, procuring and having this fictitious deed to the real estate and fictitious bill of sale to the capital stock of plaintiff corporation. In such case there is no adequate remedy at law by suit in ejectment or suit to quiet title, because the property will be sold out by the trustee and the wrong done long before said fictitious deed and bill of sale could be rendered innocuous in such suits at law. The only remedy is by injunction in a court of equity, which, having obtained jurisdiction, has ample authority to do complete justice between the parties and cancel such false claims, so that the plaintiffs may have a fair opportunity to pay off said deed of trust and save their equity in the property.

(a) We recently set aside a trustee's sale and deed to the purchaser where the purchaser and the holder of the note had prior to the sale combined to prevent the owner of the equity of redemption from borrowing money on the property to pay off the note and the holder of the note had refused to sell it to persons who were willing to buy and carry it. [Hurst Automatic Switch & Signal Company v. Trust Co., 216 S. W. 954, 236 S. W. 58; see also note to Mankin v. Dickinson, Am. and Eng. Ann. Cases, 1917D, p. 125.] So that under its general equity powers the lower court had jurisdiction to grant the relief sought in this case.

(b) But we have a statute, as follows:

"Sec. 1969. *Remedy by injunction to exist, in what cases prohibition.*—The remedy by writ of injunction or prohibition shall exist in all cases where *a cloud would be put on the title of real estate being sold under an execution against a person, partnership or corporation having no interest in*

<div style="margin-left:2em">Cloud<br>Upon<br>Title.</div>

*such real estate subject.to execution at the time of sale, or* an irreparable injury to real or personal property is threatened, and to prevent the doing of any legal wrong whatever, whenever in the opinion of the court an adequate remedy cannot be afforded by an action for damages. [R. S. 1909, sec. 2534.]''

The words in italics were put in as an amendment to the prior statute at the revising session of 1899. See Section 3649, Revised Statutes 1899. Prior to such amendment, this court had decided that equity would not enjoin the sale of A's land, to which he had a complete and perfect record title, under an execution against B, who had no interest in the land. This, on the ground that A had a. complete and perfect remedy at law and there was no cloud cast on his title, because he would not have to call to his aid in proving it, any extrinsic or parole testimony, but could prove it by the record. [Drake v. Jones, 27 Mo. 428; Kuhn v. McNeil, 47 Mo. 389; Wilcox v. Walker, 94 Mo. 88; Clark v. Ins. Co., 52 Mo. 272; Russell v. Lumber Co., 112 Mo. 40.] But we had also held that injunction would lie to prevent a sale that would cast a cloud upon the plaintiffs' title, that is, where it would require the production of such extrinsic or parole testimony to prove the plaintiffs' title. [Gardner v. Terry, 99 Mo. 526-27 (BLACK, J.) and cases cited.]

Since our injunction statute has been amended as aforesaid, the Kansas City Court of Appeals has, in effect, decided that there still must be such a cloud cast on the title as formerly defined in order to enjoin the sale of A's land under an execution against B. [Payne v. Bank, 126 Mo. App. 593; Long v. Bank, 198 S. W. 1129.] In those cases, however, the injunction was allowed on the ground that such cloud as formerly defined would be cast upon the plaintiffs' title by the sale enjoined.

But we think said amendment to the statute was intended to denominate the sale of the owner's land under an execution against a third party having no interest therein as a cloud on his title which would be prevented

by the writ of injunction. If this is not true, the said amendment would have added nothing to the injunctive powers of a court of equity in such cases not already possessed by it, whereas the intention of said amendment was to extend the injunctive powers of the court in such cases.

We rule, therefore, that an attempt to sell A's land under an execution against B will be enjoined by a court of equity under said amended statute to prevent the casting of a cloud on A's title by such sale, although A's record title is complete and perfect. It follows as a corollary that courts of equity also have power to remove such clouds after they are cast, because the power to prevent such cloud implies the power to remove it. [Gardner v. Terry, 99 Mo. 526-27.]

So that we hold that, both under said statute and independently thereof, in this case a court of equity has jurisdiction to adjudge void and remove and cancel the sheriff's deed and bill of sale complained of and to restrain the foreclosure or sale under said deed of trust until such deed and bill of sale are so adjudged void, removed and canceled.

But it is said that this is not true as to the bill of sale to the stock of the corporation, because that is personal property and not real estate, but the evidence shows that said Johnson was using his fictitious claim to the capital stock, as well as his fictitious deed to the land, to prevent the plaintiffs from securing either an extension or renewal of their loan or a loan from others so as to avoid losing their property by foreclosure. The cancellation of said bill of sale is incidental to the main relief sought, which is to prevent the consummation of such wrong.

What has just been said also disposes of the contention that the bill is multifarious in that both plaintiffs are not interested in the whole subject-matter of the suit. It is necessary to cancel and adjudge void both the sheriff's deed and the bill of sale to prevent the

threatened evil to plaintiffs, to-wit, the sacrifice of the land at such trustee's sale.

V. It is also objected that the lower court tried this case and decided it on the merits upon the hearing of the order to show cause and the return of the defendants thereto, but it seems that, although when the hearing was first commenced the court simply intended to try the question of granting a temporary injunction, its purpose was changed and it heard all the testimony of the parties and tried and decided the case on the merits without objection. The defendants filed a motion for a new trial, which was overruled, and although said motion specified twenty-eight different grounds for a new trial, that the court tried and decided the case on the merits was not one of them. Defendants having submitted without objection to such trial on the merits cannot now be heard to complain.

*Trial on Merits.*

VII. It is also claimed that Joseph Gerardi is estopped because he claimed the stock when levied on as the property of his wife, Annie Gerardi, and therefore, under the statute, Johnson was required to and did give a $7,000 indemnifying bond to the sheriff. We do not see how this, in any manner, estopped Gerardi to claim the stock as his or transferred it to Johnson. The numerous cases cited by appellant to sustain this contention are none of them in point.

*Estoppel.*

VIII. The defendants offered to show that there were a number of judgments rendered against Joseph Gerardi in 1905 and prior years, that did not appear satisfied on the record, for the purpose of showing that Joseph Gerardi intended to defraud his creditors when he put two shares of the capital stock in his wife's name and other shares in the names of his children. The court excluded this evidence. We see no reversible error in

*Fraud: Lapsed Judgments.*

this action of the court.   Such judgment being more
than ten years old, and there being no offer to show any
payment thereon or revivor thereof within ten years
from their original rendition, were conclusively presumed
to be paid.   No inference of fraud could arise therefrom.
[Kansas City v. Field, 270 Mo. 500, 226 S. W. 27.]   Be-
sides, the evidence was that the certificates of stock in-
dorsed in blank were delivered as soon as issued, to
Joseph Gerardi and ever afterwards held in his posses-
sion.

We therefore modify the judgment of the lower
court by striking out all the findings and the adjudica-
tion therein to the effect that the revivor of said judg-
ment by defendant Johnson in said cause of Beattie Man-
ufacturing Company v. Annie Gerardi was in any way
fraudulent, illegal, or void, and affirm said judgment as so
modified in all other respects.   Let it be so recorded.
*Ragland, C.,* concurs; *Brown, C.,* absent.

PER CURIAM:—The foregoing opinion by SMALL,
C., is adopted as the opinion of the court.   All of the
judges concur; *Woodson, P. J.,* in all of the opinion,
and in the result, except Paragraph III.