J. W. CAUTHORN, Respondent, v. C. M. BERRY,
Appellant.

St. Louis Court of Appeals, February 23, 1897.

1. **Judgments, Assignment of:** PAYMENT OF DEBT BY SURETY: SUB-
ROGATION: EQUITY. In a suit in equity to subrogate plaintiff to the
rights and liens of the plaintiffs in several judgments assigned to
plaintiff, as they existed at the dates the judgments were paid by
plaintiff, and to subject the lands of defendant, described in the peti-
tion, to execution on said judgments, also asking that certain notes
transferred to plaintiff by his son, who was insolvent, be placed in
the hands of a receiver for collection for plaintiff's benefit, where it
appeared that said lands were acquired by defendant after the execu-
tion of the notes upon which the judgments were obtained, and the
liens were in full force at the date of payment and assignment to
plaintiff of said judgments,—*Held:* That plaintiff, by payment of the
judgments as surety for defendant, was entitled, in equity, to have
all the securities, available to the creditors against defendant's prop-
erty, transferred to him, and to be subrogated to the rights and liens
of the judgment creditors.

2. ———: AUTHORITY OF ASSIGNOR TO ASSIGN: EQUITABLE ASSIGNEE:
SUBROGATION. On objection that the record did not show that the
assignor had authority to assign to plaintiff certain judgments paid by
plaintiff, it was not necessary to examine the evidence on that point,
as by the payment of the judgments plaintiff became the equitable
assignee of them by operation of his right of subrogation.

3. **Judgment Entry:** MISRECITAL OF UNDISPUTED FACTS: POWER OF
COURT TO CORRECT. The correction of the misrecital of an undisputed
fact in an original judgment entry by order of court at a subsequent
term, and after appeal granted, reciting that such misrecital therein
was a mistake, was not error. Courts of record have inherent power,
at any time, to correct clerical errors and misrecitals of undisputed
facts by their clerks in the formal entry of judgments.

4. **Judgments by Default, Suit on:** DEFENSE OF INFANCY: SIGNING
NOTES UNDER DURESS. Where defendant was of full age when served
with process in former suits, and suffered judgments to go against him
by default, in a proceeding on such judgments a defense of infancy
was not available. Nor was the plea that notes, on which the judg-
ments were obtained, were signed by plaintiff under duress.

5. ———: PLEA OF DEFECT OF PARTIES.  Nor was there any force in an objection on the ground of a defect of parties, where the party omitted was insolvent, and his property was brought into court, and the omission to join him as a party defendant in no way affected any rights defendant may have had against him.

6. ———: PLEA OF HOMESTEAD EXEMPTION.  Where defendant, in such proceeding, pleaded the homestead exemption act, and the court found that the judgments in suit, at the time they were assigned to and paid by plaintiff, were valid and subsisting liens against defendant's lands, described in the petition, and that defendant could not claim the lands as exempt under said act, though such finding would not be proper in ordinary cases of that kind, defendant was in no position to complain that the finding was against him on that issue.

7. ———: JUDGMENT IN EXCESS OF AMOUNT ASKED.  A judgment for a greater amount than was asked for in the petition, though sustained by the evidence, was error.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED (*with directions*).

*John M. Barker* for appellant.

Plaintiff signed the notes long after they had been executed, and without any new consideration, and he was not bound thereby.  *McMahon v. Geiger*, 73 Mo. 145.

The right of action for contribution does not rest on the note signed, but on the implied promise to share the burdens.  *Blake v. Downey*, 51 Mo. 437.

In this case there is no pretense that plaintiff was bound by any promise, express or implied.  4 Am. and Eng. Ency. of Law, p. 5, notes.

Plaintiff signed the notes under duress, and to prevent a criminal prosecution (a felony) against his son, and his contract was void.  *McCoy v. Green*, 83 Mo. 626, and citations; *Murphy v. Bottomer*, 40 *Id.* 68.

There being no equities in this case, the payment by respondent simply extinguished the debts and judg-

ments as at common law.  *Hull v. Sherwood*, 59 Mo. 172.

*W. H. Kennan* for respondent.

When respondent adopted his names, signed on the notes by his son, and thereby ratified his son's act, it related back to the time of that act, at which time there was a sufficient consideration for signing said notes.  *Dows v. Spenny*, 29 Mo. 387; *Bank v. Gray*, 63 *Id.* 33; *Cravens v. Gillilan, Id.* 28; 1 Am. and Eng. Ency. of Law, p. 429; *Summerville v. R. R.*, 62 *Id.* 391; *Golson v. Ebert*, 52 *Id.* 260; *Nesbit v. Helser*, 49 *Id.* 383.

No new consideration is necessary for a subsequent ratification.  *Ellison v. Weathers*, 78 Mo. 124; *Ferris v. Thord*, 72 *Id.* 447.

When the surety has paid the debt, an equity arises in his favor, to have all the securities which the creditor held against the person or the property of the principal debtor transferred to him, and to avail himself of them as fully as the creditor could have done, for the purpose of obtaining indemnity from the principal.  *Allison v. Sutherland*, 50 Mo. 277; *Frenold v. Bank*, 44 *Id.* 336; *Ferguson's Adm'r v. Carson*, 86 *Id.* 673; *Berthold v. Sorpey*, 46 *Id.* 557.

A surety to whom a judgment, against his principal and himself, has been assigned, may enforce it in equity, with all its liens against the property of his codefendant, on the principal of subrogation.  *Bank v. Kemble*, 61 Mo. App. 215.

Marmaduke had authority to assign Allen's judgment.  *State v. Rackett*, 87 Mo. 666; *State v. Reagan*, 68 *Id.* 214; 1 Greenlf. Ev., sec. 375.

Under a prayer for general relief, plaintiff may have any relief for which he shows himself entitled,

which is founded upon and consistent with the petition. *Menks v. Bunch*, 90 Mo. 500; *Clem v. Ins. Co.*, 29 Mo. App. 666. See, also, *Henderson v. Dickey*, 50 Mo. 161; *Bank v. Evans*, 51 *Id.* 335; *Wright v. Barr*, 53 *Id.* 340; *Ames v. Gilman*, 59 *Id.* 537; *Bevin v. Powell*, 83 *Id.* 365; *Conrad v. Howard*, 89 *Id.* 217.

BLAND, P. J.—J. F. Cauthorn was the son of J. W. Cauthorn, C. M. Berry was the son of S. J. Berry (a female). It appears from the record that J. F. Cauthorn and C. M. Berry purchased from one G. L. Ferris, of Mexico, Missouri, a threshing machine, on July 25, 1889, and executed their several promissory notes for the purchase price, payable to the order of Ferris, three of which are in evidence by this record, all dated July 25, 1889, all for same amount, $350, due October 1, 1890, November 1, 1890, and January 1, 1891, all bearing interest from date at the rate of eight per cent per annum, and if interest be not paid annually, to become part of principal and bear same rate of interest. They were all made payable at the Bank of Mexico, Mexico, Missouri. It appears from the testimony that Mrs. S. J. Berry authorized her son C. M. Berry, to use her name as security in the purchase of the machine, to the extent of $500; her name was signed to the three notes in evidence. It is also in evidence that C. M. Berry, at the time he executed these several notes, was under age. J. F. Cauthorn, without the consent or knowledge of J. W. Cauthorn, signed the name of the latter to all these notes; that some eight or ten days after the execution of the notes, J. W. Cauthorn went to Ferris, the holder of the notes, to inquire about them, and after some conversation with Ferris, signed all of the notes. There is some evidence that he did this under a threat from Ferris to prosecute his son, J. F. Cauthorn, for forgery. The

three notes here described were, before maturity, assigned by Ferris, two of them to M. J. Woodlan, and one to Alcinda Allen. On the thirtieth day of January, 1895, Alcinda Allen obtained judgment in the Audrain circuit court on the note she held against all the makers, J. F. and J. W. Cauthorn, and C. M. and S. J. Berry, for $422.24, with costs; judgment to bear interest at eight per cent, and on the same day, in the same court, M. J. Woodlan obtained judgment against the same parties, on one of the notes held by her for $534.14, this judgment also to bear eight per cent. On the twenty-eighth day of December, 1894, M. J. Woodlan recovered before a justice of the peace, in Audrain county, a judgment on the other of these notes, held by her, against all the makers, for $151.35, "this to have eight per cent." A transcript of this judgment was filed in the office of the circuit clerk of Audrain county, on the twenty-third of March, 1895. On November 13, 1893, C. M. Berry acquired by warranty deed, eighty acres of land situated in Audrain county, described in plaintiff's petition. On April 13, 1895, M. J. Woodlan, by her attorney, in fact, J. M. Marmaduke, assigned her two judgments to plaintiff, J. W. Cauthorn, for a valuable consideration, and on April 8, 1895, Alcinda Allen, by her attorney, in fact, J. M. Marmaduke, assigned her judgment to plaintiff, J. W. Cauthorn, in consideration of the full amount due on the same. C. M. Berry was twenty-one years of age at the time summons was served upon him in the several suits of Woodlan and Allen. It also appears from the record that J. W. Cauthorn paid these judgments in full. It is also in evidence that J. F. Cauthorn turned over to his father, J. W. Cauthorn, about $1,000 in notes, to indemnify him on account of these judgments, and that J. F. Cauthorn is insolvent.

This suit was originally brought against C. M. Berry and S. J. Berry, but was dismissed at the trial, as to S. J. Berry. The suit is in equity, based upon the foregoing facts, and seeks to subrogate the plaintiff, J. W. Cauthorn, to the rights and liens of Woodlan & Allen, plaintiffs in the several judgments herein mentioned as they existed at the dates these judgments were paid by Cauthorn, and to subject certain lands of defendant C. M. Berry (80 acres described in the petition) to execution on said judgments. Plaintiff also brought in the notes transferred to him by J. F. Cauthorn, and asks that they be placed in the hands of a receiver for collection for his benefit. Defendant C. M. Berry filed a separate answer, claiming the lands as a homestead, denying the execution by respondent of the several notes, on which the judgments were recovered; that respondent signed the notes under duress, and that he signed them long after he (Berry) had signed them. He also alleged a want of proper parties defendant. The land described in the plaintiff's petition was acquired after the execution of the notes, upon which these judgments were obtained. The two circuit court judgments were recovered January 30, 1895. The transcript judgment was filed in the office of the circuit court on March 23, 1895. The judgments were paid by, and assigned to Cauthorn, on April 8 and 13, 1895, so that their liens were in full force at the date of their payment and assignment. By the payment of these judgments by Cauthorn, as surety to Berry, an equity arose in his favor to have all the securities available to the creditors against Berry's property transferred to him, and he has a right, through equity, to avail himself as fully of such security for his indemnity, as had the judgment creditors to enforce their liens by levy and sale under executions. *Ferguson's*

<div style="margin-left:2em; font-size:small;">
ASSIGNMENT of judgments: payment of debt by surety: subrogation: equity.
</div>

*Adm'r v. Carson, Adm'r,* 86 Mo. 673; *Furnold v. Bank,* 44 Mo. 336; *Berthold Adm'x of Sarpy v. Berthold,* 46 Mo. 557; *Bank of Warren County v. Kimble,* 61 Mo. App. 215; *Harper v. Kimble,* 65 Mo. App. 515.

The appellant makes the further point that the record does not show that Marmaduke had authority to assign the judgments to respondent. It is unnecessary to examine the evidence on this point, inasmuch as by the payment of these judgments Cauthorn at once became the equitable assignee of them by operation of his right of subrogation. *Ferguson v. Carson, supra;* *Berthold v. Berthold, supra.* The judgment in this case was rendered at the September, 1895, term of the Audrain county circuit court. At the June term, 1896, and after an appeal had been granted, a mistake in the entry of the original judgment was corrected, to which appellant took exceptions, and brings this matter here for review.

AUTHORITY of assignor to assign: equitable assignee: subrogation.

The original entry of the judgment recited that Berry had acquired the land "before the signing and delivery of said notes to said Woodlan and Allen." The entry as corrected reads that "C. M. Berry signed and delivered the notes upon which the judgments sued upon by Woodlan and Allen were based, before said C. M. Berry acquired and filed and recorded his deed to the land described in the petition, as belonging to said C. M. Berry." The order correcting the original judgment recites that the error therein was a mistake. It is quite evident that it was a mistake; a misrecital of a fact that is undisputed, so far as the record shows, and we think there was no error in making the corrections. We have always understood that courts of record have the inherent power, at any time, to correct clerical errors and misrecitals of undisputed facts, that may be

JUDGMENT entry: misrecital of undisputed facts: power of court to correct.

made by their clerks, in writing up the formal entry of their judgments.

The defense of infancy is of no avail in this suit. Appellant was of full age, when the summons was served upon him. He suffered these judgments to go against him by default, and thereby lost his opportunity to interpose this defense. The plea that respondent signed the notes under duress, can not be made by appellant; this defense, if it existed, was personal to Cauthorn against the notes. *Parker v. Roberts*, 116 Mo. *loc. cit.* 662. The judgments by default on personal service concluded the whole matter, and extinguished all defenses that might have been made against the notes. These judgments impart absolute verity and are not open to such collateral attacks as are here attempted by the appellant.

*JUDGMENTS by default: defense of infancy: signing notes under duress.*

Appellant pleaded by his answer a defect of parties. That both he and J. F. Cauthorn were the principal makers of the notes upon which the judgments were obtained, is conceded. As an excuse for the nonjoinder of J. F. Cauthorn, it is averred in the petition that he was insolvent, but his property was brought in (the notes he had assigned to respondent) and disposed of by the judgment of the court, by placing them in the hands of a receiver, to be collected, and proceeds credited upon the judgments. His property was in court, if he was not there personally. Aside from this we see no force in the objection. This proceeding was to obtain an equitable execution against appellant; no new liability was sought to be imposed upon him. His liability on the judgments to Woodlan and Allen was for the full amount. His property could have been taken on executions sued out at their instance, for all of the debts and costs. The respondent is only seeking to accomplish, through

*PLEA of defect of parties.*

Cauthorn v. Berry.

equity, what Woodlan and Allen could have done at law. The omission to join J. F. Cauthorn as a party defendant, does not in the least increase the debt or cost against appellant, nor interfere in any way with any rights he may have against J. F. Cauthorn.

The court, by its judgment, found that the judgments of Woodlan and Allen, at the time they were paid by and assigned to Cauthorn, were PLEA of homestead valid and subsisting liens against the exemption. lands of appellant, described in the petition, and that appellant could not claim these lands as exempt from said liens, under the homestead act. While this finding would not in ordinary cases of this kind be proper, yet, as Berry pleaded the homestead exemption, he is in no position to complain because the court made a finding on that issue against him.

The circuit court rendered judgment for the whole amount of the several judgments, with eight per cent interest. This the respondent under the JUDGMENT in excess of amount evidence was entitled to, but not under asked. his pleading. He asks judgment for two thirds of the amounts of this judgment; he should not have judgment for more than he asks. For this error, the judgment is reversed, with directions to the circuit court to enter judgment in conformity with this opinion. It is so ordered. All concur.