RODGERS et al., Appellants, v. KALLMEYER et al., Respondents.

**St. Louis Court of Appeals, January 19, 1904.**

**APPEAL: Final Judgment: Ruling on Demurrer.** No appeal will lie from a judgment overruling or sustaining a demurrer under the provision of Section 806, Revised Statutes of 1899.

Appeal from Montgomery Circuit Court.—*Hon. E. M. Hughes,* Judge.

APPEAL DISMISSED.

*John M. Barker* for appellants.

*E. Rosenberger & Son* for respondents.

(1)   An appeal, or writ of error, lies only from a final judgment and neither will lie from a judgment overruling or sustaining a demurrer.   Sec. 806, R. S. 1899; Holloway v. Holloway, 97 Mo. 639; Mills v. Mc-Daniels, 59 Mo. App. 331; City of Plattsburg v. Allen et al., 84 Mo. App. 432.   (2)   Only those rulings of the circuit court can be reviewed by this court to which exceptions have been saved.   No exceptions having been saved to the various rulings of the circuit court, of which appellants complain there is nothing for this court to review.

REYBURN, J.—The petition filed in this proceeding was unavoidably lengthy, but summarized, the action was entitled to construe and reform the will of Thomas J. Powell, deceased, and was instituted by appellants, Jacob R. Rodgers, Nancy V., his wife, James H. Powell and Mary Fanny Devault against the administrators with an annexed estate of Thomas J. Powell, deceased, and the legatees and devisees under such will; the plaintiffs Nancy V. Rodgers, Mary Fanny Devault and James H. Powell being children of the testator.   The object of the action and prayer of the complainant was to have plaintiff, James H. Powell, declared a pretermitted heir, and also to have the will construed or reformed so as to relieve his coplaintiff Nancy V. Rodgers from payment of interest upon a note described, to conform to the alleged intention of the testator.   Defendants filed a joint demurrer to the petition on the ground that it failed to state facts sufficient to constitute a cause of action against defendants.   Upon submission, the court sustained the demurrer only to those portions of the petition relating to the relief sought by Nancy V. Rodgers,

and on the same day the court further entered an order
as follows:

"Now at this day this cause coming on to be heard,
the plaintiffs appear by their attorney, John M. Barker,
and the defendants appear by their attorneys, E.
Rosenberger & Son, and the cause being called for trial,
both parties announcing themselves ready for trial,
whereupon said cause is submitted to the court upon the
pleadings in the cause and after listening to the argu-
ment of the attorneys the court construes the will of
Thomas J. Powell as to the ninth item of said will to be:

"'The court considering the will as to the ninth item
of said will finds that James H. Powell, one of the chil-
dren of the testator, Thomas J. Powell, is not provided
for therein, and that the court further finds, that it was
the intention of the testator that all of his thirteen chil-
dren share alike, and subject to whatever advancements
he had made to them, and that it was the intention of the
said testator that each one of his thirteen children, in-
cluding the said James H. Powell, should take a one-
thirteenth part of the residuary assets of said estate
subject to whatever advancements he had made to them
and that through the neglect or inadvertence of the
scrivener who drew said will the said Thomas J. Powell
was inadvertently omitted from sharing in the residuary
assets.

"And the court further finds that the said James
H. Powell is a pretermitted heir as to the one-thirteenth
part of the residuary assets of the estate of Thomas J.
Powell, deceased, and the plaintiff consents to the con-
struction of the court in open court as to James H.
Powell, only.

"It is further adjudged that the plaintiffs have and
recover of the defendants their costs in this behalf ex-
pended and that execution issue therefor."

Plaintiffs, Jacob R. and Nancy V. Rodgers, then
moved in arrest, and also filed motion to set aside the
judgment rendered upon the demurrer, and proceed

with the trial upon the petition and on the merits of the case. No action by the court upon these motions appears in the abstract of record prepared, nor does it exhibit any exceptions saved by appellants.

The judgment herein merely sustaining the demurrer to a portion of the petition was not such judgment as an appeal would lie from under the provisions of the statute. R. S. 1899, sec. 806. No appeal will lie from a judgment overruling or sustaining a demurrer. City of Plattsburg v. Allen, 84 Mo. App. 432. It follows that this court is devoid of jurisdiction of the cause and the appeal is accordingly dismissed. *Bland, P. J.,* and *Goode, J.,* concur.