LEONARD EVERETT, APPELLANT, v. CORA F. GLENN ET AL., RE-
SPONDENTS.—35 S. W. (2d) 652.

Kansas City Court of Appeals. January 5, 1931.

*Leonard Waddell* and *Charles H. Winston* for appellant.

*Stubenrauch & Hartz* for respondents.

BLAND, J.—This is an appeal from a judgment sustaining a motion of defendant, Mercantile Trust Company (hereinafter called the trust company) asking for a judgment dismissing plaintiff's petition and the assessment of treble costs under the provisions of section 1252, Revised Statutes 1919. Respondents, other than the trust company, have not favored us with a brief.

The facts show that on the 26th day of October, 1928, this suit was filed by plaintiff against Cora F. Glenn and the trust company

as defendants. To plaintiff's petition the defendant, trust company, in due time filed a demurrer and the defendant, Glenn, filed an answer. The demurrer of the trust company was sustained and thereafter plaintiff filed a second, or an amended, petition. Thereafter said defendants filed separate demurrers and that of the trust company was sustained. However, before any action was taken on the demurrer of Cora F. Glenn, plaintiff filed a third, or second amended, petition at the March term, 1929, of the court. To this petition defendants filed their separate demurrers at the last mentioned term of court. The demurrer of the trust company was sustained at said term and that of Cora F. Glenn was overruled. Thereafter the defendant, Cora F. Glenn, filed an answer. Thereafter at the September term, 1929, and within the time allowed by the court at its March and May terms, 1929, plaintiff filed a fourth, or a third amended, petition, in which Fred W. Klaber, administrator with the will annexed of Charles F. Glenn, deceased, was named as a party defendant in addition to Cora F. Glenn and the trust company, who theretofore had been the sole defendants. To this petition there was but one pleading filed, an answer consisting of a general denial filed by the defendant, Cora F. Glenn. After the fourth, or third amended, petition was filed the trust company, at the September term, 1929, filed its motion for judgment heretofore mentioned, reciting that three petitions of the plaintiff had been adjudged insufficient upon general demurrers of the trust company and asking judgment in accordance with section 1252, Revised Statutes 1919, which provides:

"If a third petition, answer or reply be filed and adjudged insufficient as above, or the whole or some part thereof be stricken out, the party filing such pleading shall pay treble costs; and no further petition, answer or reply shall be filed, but judgment shall be rendered."

This motion was sustained at the September term, 1929, and the cause was dismissed. Plaintiff has appealed.

It is insisted by plaintiff that the court erred in sustaining the motion as to any of the defendants. As we understand plaintiff's contention he claims that as three demurrers had not been sustained as to the defendant, Cora F. Glenn, plaintiff was within his rights in filing a fourth, or third amended, petition, not only as against Cora F. Glenn, but as against the trust company and Klaber. Whatever plaintiff's rights may have been as to proceeding against the other defendants by filing an additional petition, under the provisions of section 1252, Revised Statutes 1919, the court was required to dismiss the suit as to the defendant, trust company.

It is claimed that because the court overruled the demurrer of the defendant, Cora F. Glenn, filed to the third, or second amended, petition that "that, in legal effect, set aside its previous order"

sustaining the demurrer of the trust company to said petition. In this connection, as we understand plaintiff, it is claimed that if there were a misjoinder of parties as to one of the defendants, there was as to both, therefore, if the demurrer of Cora F. Glenn was overruled that of the trust company should have been and, in effect, was overruled and the previous order of the court sustaining the demurrer of the trust company was set aside by the action of the court in overruling the demurrer of the defendant, Cora F. Glenn.

Of course, there was no actual setting aside of the order of the court in sustaining the demurrer of the trust company to the third, or second amended, petition, and we think there was none, even by inference. What theory the court entertained in reference to the situation being different as to the two defendants we are unable to tell at this time, but it is quite apparent that the court was of the opinion that the situation was different, because after it overruled the demurrer of the defendant, Cora F. Glenn, it sustained the motion of the trust company to dismiss the suit and assess treble costs, on the theory that it had sustained its demurrer to the third, or second amended, petition.

It is insisted that no judgment was rendered at the time of the sustaining of the demurrer of the trust company to the third, or second amended, petition, dismissing the petition and assessing treble costs, but instead plaintiff was given leave by the court at the March term and again at the May term to file an amended petition; that, as this leave was granted at another or former term than that at which the motion to dismiss and assess treble costs was sustained the court could not, in effect, undo at a subsequent term what it had done at a former term and could not render any different judgment at the September term than was rendered at the March term, that is to say, if we understand plaintiff's contention rightly, the order at the March term was merely that the demurrer of the trust company was sustained and there was no judgment that the cause be dismissed as to any of the defendants so no further judgment could have been lawfully rendered at the September term. It is well settled that after the third petition is adjudged insufficient, the statute (sec. 1252) requires judgment to be rendered. In Beardslee v. Morgner, 73 Mo. 22, 23, the court said:

"This language (language of the statute) is altogether too plain for construction. It leaves no discretion to the court, and requires no motion to bring the power of the court into active exercise. Upon the occurrence of a third defective petition, the jurisdiction of the court to receive a further petition is cut off, and its only remaining power in the premises is to obey the behest of the statute, and render judgment."

. It is also said at page 24 of the opinion in that case: "In the statute being discussed, a waiver is neither contemplated nor allowed." [See, also, Gordon v. Burris, 125 Mo. 39; Johnson v. United Rys. Co. of. St. Louis, 227 Mo. 423, 431.] It is therefore, our opinion that the cause should have been dismissed at the March term. However, the judgment sustaining the demurrer in question was merely defective and not void and the records of the court were such as to authorize and, in fact, to require the court, upon motion, to amend the judgment which amendment could have been properly made at a subsequent term. [K. C. Pump Co. v. Jones, 126 Mo. App. 536, 540; Stacker v. Cooper Circuit Court, 25 Mo. 401; State ex rel. v. Primm, 61 Mo. 166; Harlan v. Moore, 132 Mo. 483; Bishop v. Seal, 92 Mo. App. 167; Cauthorn v. Berry, 69 Mo. App. 404; Fontaine v. Hudson, 93 Mo. 62; Pelz v. Bollinger, 180 Mo. 252; State ex rel. v. Goodrich, 159 Mo. App. 422.] However, the correction of such a judgment should be as of the date of the sustaining of the demurrer to the third, or second amended, petition. No effort was made in this case to correct the judgment rendered when the demurrer in question was sustained and, while the proper result was reached by the order sustaining the motion of the trust company to dismiss the cause, the manner in which it was reached is probably technically erroneous.

Whether it was proper for the court to dismiss the cause as against all of the defendants we need not say, for such a point is not raised by plaintiff in his assignment of errors. The assignment, being in effect, that the court erred in sustaining the motion in favor of any of the defendants.

While, as before stated, the judgment in this case is probably technically erroneous we are forbidden by the statute (sec. 1513) to reverse judgments for errors not "materially affecting the merits of the action." [Cross v. Gould, 131 Mo. App. 585, 593; Woody v. Railroad, 104 Mo. App. 678; Patterson v. Transit Co., 199 Mo. 331, 344; Courtney v. Blackwell, 150 Mo. 245.]

Plaintiff insists that the court erred in sustaining the motion for the reason that all of his petitions stated a cause of action. We are not concerned with whether or not any of the petitions filed by plaintiff were demurable except the third, or second amended, petition. The cause was dismissed by reason of the fact that the demurrer to it filed by the trust company being the third demurrer of that company, had been sustained. The filing of a new pleading abandons the one then on file, therefore, none but the third, or second amended, petition can be considered in connection with the matter now urged. [Sec. 1283, R. S. 1919; Arkla Lumber Co. v. Mfg. Co., 252 S. W. 961; Burton v. Phillips, 7 S. W. (2d) 712.] As before stated, the court had no jurisdiction to permit the filing of a fourth, or third amended, petition, at least as against the

defendant, trust company, and for this reason, if for none other, we cannot consider it. The fact that, when the last mentioned petition was filed, the term had expired when the order was entered permitting the filing of such a petition, if the order is to be construed as intended to permit the filing of the petition as to the trust company, is of no consequence. The order allowing the filing of the petition at least as against the trust company, if it did, was a nullity, even at a subsequent term, and was properly ignored by the court.

The question arises as to whether plaintiff is in a position to raise any question as to the sufficiency of the third, or second amended, petition in this appeal. While there is no appeal from an order sustaining a demurrer (Rodgers v. Kallmeyer, 104 Mo. App. 137), was it not incumbent upon plaintiff to perfect the record, if the judgment sustaining the demurrer of the trust company to his third, or second amended, petition was not appealable because it was defective in not expressly complying with section 1252, by having it entered in accordance with that section and appeal at the same term? Not having proceeded in that manner is he now in a position to urge that the petition states a cause of action when the appeal was taken at a subsequent term to the sustaining of the third demurrer of the trust company? As we have before pointed out, when the court sustained the third demurrer of the trust company it had no further jurisdiction in the cause other than to dismiss it, at least as to the trust company, and assess treble costs. The case was then at an end and there was nothing to carry it over to the next term of the court. The appeal at the subsequent term was not timely to raise the point that the third, or second amended, petition stated a cause of action.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.