THOMAS R. MADDEN, AS ADMINISTRATOR IN CHARGE OF THE ESTATE OF JULIUS DRANZ, DECEASED, PLAINTIFF IN ERROR, v. JAMES J. FITZSIMMONS, AS SHERIFF OF THE CITY OF ST. LOUIS, AND ANNA JANOSIK, DEFENDANTS IN ERROR.—150 S. W. (2d) 761.

St. Louis Court of Appeals. Opinion filed May 6, 1941.

*Wm. J. Blesse* and *William Kohn* for plaintiff in error.

*J. E. Patton* for Anna Janosik, defendant in error.

*Louis B. Sher* for James J. Fitzsimmons, defendant in error.

BENNICK, C.—This is a proceeding by writ of error sued out in this court to review a final judgment rendered in the Circuit Court of the City of St. Louis in an injunction suit brought by one Julius· Dranz, as plaintiff, against James J. Fitzsimmons, Sheriff of the City of St. Louis, and Anna Janosik, as defendants. Dranz died after the expiration of the term at which final judgment had been entered dismissing his cause of action at treble costs against him; and this proceeding has been instituted by Thomas R. Madden, the duly appointed and acting administrator of Dranz' estate.

The case below, which was instituted on August 3, 1938, was an injunction suit in which plaintiff, Dranz, the alleged owner of certain real estate in the City of St. Louis, sought to enjoin the sale of the same by defendant Fitzsimmons, the sheriff, under an execution issued upon a judgment previously obtained in the same court by defendant Janosik against one Louise Clark, whose name, so plaintiff's petition alleged, had "appeared of record in the chain of title to said property between the years 1932 and 1935."

Three petitions of plaintiff, Dranz, were successively adjudged wholly insufficient upon demurrers separately interposed by defendant Janosik alone; and following the sustaining of the demurrer to the third, or second amended, petition, the court, in attempted obedience to the mandatory requirement of section 948, Revised Statutes of Missouri, 1939 (Mo. Stat. Ann., sec. 796, p. 1046), entered judgment dismissing plaintiff's cause of action at treble costs assessed against him.

It is to be observed in passing that the court, by its judgment, dismissed plaintiff's cause of action in its entirety, that is, as to both defendants, and not merely as to defendant Janosik, as to whom the three petitions had been adjudged wholly insufficient on demurrers separately interposed. Evidently the court regarded defendant Fitzsimmons, the sheriff, as being only officially, and not substantially, interested in the case (Wayland v. Kansas City, 321 Mo. 654, 12 S. W. (2d) 438), and therefore, upon holding three petitions wholly insufficient as to defendant Janosik, the judgment creditor, who had caused the execution to be issued, dismissed plaintiff's entire cause of action, notwithstanding the fact that the petitions had not been directly adjudged insufficient as to defendant Fitzsimmons. Whether it was proper for the court, under the circumstances, to dismiss the cause as against both defendants, we need not say, since no such point is made by plaintiff in error in his assignment of errors in this court. [Everett v. Glenn, 225 Mo. App. 921, 35 S. W. (2d) 652.] It suffices for our purposes that the judgment as entered purported to be final as to all the parties; and our review of it will not extend beyond the matters specifically raised for our decision.

The sole point made by plaintiff in error is that the court erred in sustaining defendant Janosik's demurrer to plaintiff's second amended petition, and in rendering judgment against plaintiff dismissing his cause of action at treble costs assessed against him.

Whether or not such second amended petition stated facts sufficient to constitute a cause of action in plaintiff's favor is to be determined from a consideration of the following material allegations contained therein:

"For his cause of action against the defendants, plaintiff states that he is now, and for many years last past has been, the sole owner and in possession of the following described real estate  . . .:

"Nevertheless, although plaintiff is, and was at the time herein mentioned, the sole owner and in possession of the above described real estate, the defendant Anna Janosik caused an *alias* execution to be issued by the Clerk of the Circuit Court of the City of St. Louis, Missouri, under and upon a judgment which she recovered against one Louise Clark in said court, said execution being returnable to the September Term, 1936, . . . directed to the defendant James J. Fitzsimmons, as Sheriff of the City of St. Louis, and caused said sheriff on or about July 15, 1938, to levy the said execution upon and against the above-described real estate of the plaintiff, who did, on or about said 15th day of July, 1938, commence to advertise said property for sale . . . thereby giving notice that all of the right, title, interest, claim, estate, and property of the said Louise Clark of, in, and to the above-described real estate will be sold on the 8th day of August, 1938, for the purpose of satisfying the said judgment of said defendant Anna Janosik against said Louise Clark.

"Plaintiff further states that he was not a party to the action in which said judgment was rendered, and that the said Louise Clark does not now, and did not at the time of the rendition of the aforesaid judgment, have or own any right, title, interest, or estate in and to the above described real estate, but that said property at all times belonged to and was owned by this plaintiff, and he has been for about fourteen years last past in actual and continuous possession of said property. . . .

"Plaintiff further states that the sale of the aforesaid real estate under and by virtue of said levy and execution against the said Louise Clark would cast and create a cloud upon the title thereto and upon the right, title, interest, and estate of plaintiff therein, the name of said Louise Clark having appeared of record in the chain of title to said property between the years 1932 and 1935, and that unless the defendant James J. Fitzsimmons, as Sheriff of the City of St. Louis, is restrained, he will offer for sale and sell the said real estate under said execution, and that if such sale is made by the said sheriff, great and irreparable injury will thereby result to plaintiff and to his interest, title, and estate in and to the said real estate, and that any deed, and the record of any deed, of the said James J. Fitzsimmons, as Sheriff of the City of St. Louis, will cast a cloud upon plaintiff's title to said property, and will deprive plaintiff of the power to mortgage, lease, sell, or dispose of his real estate, and such sale and such deed would destroy the selling, trading, and loan value of said real estate. . . .

"Plaintiff further states that unless permanently enjoined, defendant Janosik will, and is about to, continue to cause executions to be issued under and upon said judgment, and to cause the same to be levied upon plaintiff's said property, and to advertise the same for sale, and to attempt to sell the same thereunder, and thereby to repeatedly

cause to be cast clouds upon the title to said real estate and upon plaintiff's right, title, interest, and estate therein, and has threatened to do so, and thereby will in the future cause plaintiff great and irreparable injury in the manner aforesaid, and unless defendants are permanently enjoined, plaintiff will be compelled to resort to repeated applications for injunctions and be subject to the expense incident thereto, resulting in a multiplicity of suits for such injunctions.

"Plaintiff further states that the defendant Anna Janosik is wholly insolvent and unable to respond in damages, and that plaintiff has no adequate remedy at law, and unless the defendants are restrained and enjoined from selling the real estate under said execution, plaintiff will suffer irreparable damage.

"Wherefore, plaintiff prays that the defendants and each of them be permanently and perpetually restrained and enjoined from carrying out their purpose of selling said real estate under and by virtue of the said execution or any execution issued, or that may hereafter be issued under said judgment, or from levying upon said real estate under said judgment, or under any execution issued or that may hereafter be issued thereon . . . "

It is well established that a court of equity has the power and jurisdiction, not only to remove a cloud upon the title to real estate, but also, as a logical corollary, to interfere by injunctin to prevent the casting of a cloud which equity would remove when once created. [Gardner v. Terry, 99 Mo. 523, 12 S. W. 888.]

Prior to the amendment in 1899 of what is now section 1683, Revised Statutes of Missouri, 1939 (Mo. Stat. Ann., sec. 1519, p. 1672), it was held that if one had a complete and perfect record title to his land, equity would not enjoin a sale of the land under an execution issued against another person who had no interest in the land, since in such an event the owner would have an adequate remedy at law by defense against any action which the purchaser at the execution sale might bring, and there would consequently be no cloud cast upon the owner's title by such sale for the reason that nothing would pass thereby, and he could prove his title by the record itself without calling to his aid extrinsic or parol evidence outside the record. But on the other hand, if the owner's title was, for any reason, not perfect and complete, and the execution debtor had some apparent interest in the land so as to make it necessary that the owner produce evidence extrinsic to the record in order to support his own title and defeat a recovery by the purchaser at the execution sale, then injunctive relief would be authorized, since the effect of a sale under such circumstances would be to place a cloud upon the title. [Rookery Loan & Inv. Co. v. Johnson, 294 Mo. 461, 243 S. W. 123.]

In 1899 the above-mentioned statute was amended so as to provide that the remedy by injunction should exist in all cases "where a cloud would be put on the title of real estate being sold under an

execution against a person, partnership, or corporation having no interest in such real estate subject to execution at the time of sale.'' The effect of such amendment was to extend the injunctive power of the court in such character of cases by thenceforth making the sale of the owner's land under an execution against a third person having no interest therein a cloud on the owner's title, even though the owner's record title might be complete and perfect (Rookery Loan & Inv. Co. v. Johnson, *supra*), so that since the amendment a suit may be maintained to enjoin the sale of land by virtue of an execution on a judgment against one having no interest in the land subject to execution at the time of sale, whether the defense of the title against the execution purchaser would depend upon extrinsic evidence, or whether no title or apparent title would pass by virtue of the sale.

In the case at bar, plaintiff pleaded in his petition that he was the sole owner and in possession of the real estate in question; that he had not been a party to the action in which the judgment was rendered against Louise Clark, the execution debtor; and that the said Louise Clark did not then, or at the time of the rendition of the aforesaid judgment, have any interest in the real estate, although her name had appeared of record in the chain of title to the property between the years 1932 and 1935.

We cannot escape the conclusion that the facts stated in plaintiff's petition were sufficient to constitute a cause of action for injunctive relief against the proposed execution sale.

To be sure, plaintiff did not go so far as to plead a record transfer to himself from Louise Clark (assuming that she was the person from whom his title had been derived), nor did he plead that he was the record owner of the property. However, neither of such specific allegations was essential to the statement of a cause of action so long as plaintiff pleaded his actual ownership of the property, which, in the manner pleaded, was a substantial averment, sufficient to show his right of action as against the demurrer interposed by defendant Janosik, the execution creditor. [23 C. J. 575.] From the allegation in the petition that the name of Louise Clark had appeared of record in the chain of title to the property between the years 1932 and 1935, it was fairly inferable that her name had not so appeared after 1935; and this, coupled with the allegation that she did not then, or at the time of the rendition of the judgment, have any interest in the land, was, as plaintiff in error suggests, but another way of saying that whatever title might have been of record in her name before the entry of the judgment had been parted with prior to that time, thereby constituting plaintiff the sole owner of the property, free from the claim of any apparent title vested in Louise Clark.

In other words, plaintiff's right to ask injunctive relief against the execution sale depended upon his actual ownership of the property,

which fact was alleged in his petition, and the truth of which, as an ultimate, issuable fact in the case, the demurrer admitted for the purpose of determining whether or not a cause of action had been stated. [Brockman v. St. Louis Union Trust Co. (Mo.), 38 S. W. (2d) 1010.] Likewise the demurrer admitted the truth of the allegation that Louise Clark did not then, or at the time of the rendition of the judgment against her, have any right, title, or interest in the property upon which the levy of the execution had been made; and with such essential facts to be taken as true in ruling the preliminary legal question presented, there was a cause of action stated within the purview of the statute, whether plaintiff's case was to be proved by record evidence, or by evidence extrinsic to the record.

Indeed, it appears that defendants in error recognize the force of the above conclusion, but seek to avoid its application in the case at bar by the insistence that the conveyance from Louise Clark to plaintiff was fraudulent and void for the alleged reason that it was made for the purpose of defeating an anticipated judgment in favor of defendant Janosik in her pending action against Louise Clark. [Sec. 3507, R. S. Mo. 1939 (Mo. Stat. Ann., sec. 3117, p. 1946).]

We appreciate that a judgment creditor, after exhausting his remedies at law, may sue in equity to set aside a fraudulent conveyance of the land of his debtor, and subject the proceeds of the sale to the satisfaction of his debt; or, disregarding the conveyance, he may follow the less favored course of causing an execution to be issued upon his judgment and levied upon the land of his debtor which has been fraudulently conveyed, in which event he, or whoever else becomes the purchaser at the execution sale, may, after receiving the sheriff's deed, then bring a suit in equity to set aside the fraudulent conveyance as a cloud upon his title. [Littick v. Means (Mo.), 195 S. W. 729; Oldham v. Wade, 273 Mo. 231, 200 S. W. 1053; Woodward v. Mastin, 106 Mo. 324, 17 S. W. 308; Castorina v. Herrmann, 340 Mo. 1026, 104 S. W. (2d) 297.]

It is of course true, as defendants in error assert in their brief, that the injunction statute was not intended to be a means of depriving a judgment creditor of a fraudulent grantor from the right to proceed under execution against land fraudulently conveyed for the purpose of hindering or delaying such judgment creditor, but the trouble is that in this instance there was nothing recited on the face of plaintiff's petition to show either directly or inferentially that defendant Janosik's action was pending against Louise Clark when the conveyance of the land was made to plaintiff, or that such conveyance was made by Louise Clark for the purpose of defrauding defendant Janosik or any other creditor. On the contrary, as we have already pointed out, the demurrer admitted (for the purpose of testing the sufficiency of the petition), not only that plaintiff was the owner of the property, but also that Louise Clark had no right, title,

or interest therein, which admission was wholly inconsistent with the idea that the conveyance was fraudulent and void as to defendant Janosik, an allegedly defrauded creditor. In other words, the very basis of defendant Janosik's rights, if any, to have the property levied upon and sold under execution issued upon a judgment obtained by her against Louise Clark is that title to the property is still vested in the latter notwithstanding the purported transfer of its ownership to plaintiff; and this she may not assert as a ground for her demurrer by at the same time admitting by her demurrer that plaintiff is the owner of the property, and that Louise Clark has no right, title, or interest in it.

Indeed, defendants in error in effect concede the weakness of their position in this regard by undertaking to support it by reference in their brief to facts and circumstances which do not appear upon the face of the petition. Suffice it merely to say that the sufficiency of the petition as against demurrer is to be determined by what appears upon its face, and that matters not appearing upon its face cannot be raised by demurrer, but only by answer to the petition.

So here, if facts appeared upon the face of the petition warranting the inference that the conveyance had been fraudulent as to defendant Janosik, equity would not permit plaintiff to enjoin a sale of the property under execution issued upon the judgment against the fraudulent transferrer, but instead would relegate plaintiff, or his successor in right, to his remedy at law by defense, if one should be available, against an action by the purchaser at the execution sale. But no such facts appeared on the face of the petition, and in their absence the court has the right and the duty to try the questions upon which issue may be joined in the case. If the facts are found not to be true as alleged in the petition, or if plaintiff's title is found to be tainted with fraud (assuming that such a defense will be interposed by answer), then the court will not grant the injunction, and defendants will be permitted to proceed with the sale as though there had been no such conveyance as that upon which plaintiff counted in seeking to prevent the casting of a cloud upon his title. [Long v. Palisades Bank (Mo. App.), 198 S. W. 1129.]

There is the further suggestion by defendants in error that the question raised by plaintiff's second amended petition is now moot in that the date of the sale to be enjoined had passed before the filing of such second amended petition. The answer to this is that the second amended petition not only related back to the time of the filing of the suit as to which time the sufficiency of the facts stated in the petition must be determined, but also that plaintiff sought injunctive relief against both the execution then outstanding and any that might be thereafter issued upon the judgment.

The right of plaintiff in error to institute and maintain this proceeding in this court is also questioned by defendants in error in their brief.

Incidentally, this question has already been determined in favor of plaintiff in error by the action of this court, prior to the submission of the case, in overruling defendant Janosik's motion to dismiss in which the precise point was presented. Ordinarily such action would preclude the necessity for any further consideration of the subject-matter of the motion, but since the question is the all important one of the very right of plaintiff in error to prosecute the proceeding, it would seem only fair and proper that counsel should be given the benefit of a statement of the court's views upon the matter.

Plaintiff in error is, of course, the administrator of the estate of plaintiff, Dranz, who died, as we have already pointed out, after the expiration of the term of the circuit court at which final judgment had been entered dismissing his cause of action at treble costs assessed against him.

A principal ground assigned for the dismissal of the proceeding is that upon Dranz' death there was no suggestion of death, followed by an order of revival of the cause of action in the circuit court and the substitution of plaintiff in error as a party plaintiff in his stead.

The answer to this is that after the lapse of the judgment term, the circuit court had no further jurisdiction over the cause except to make such orders as are provided for by statute, which do not include an order reviving a cause under such circumstances (Wilson v. Darrow, 223 Mo. 520, 122 S. W. 1077); nor, indeed, was there then any occasion for an order of revival for the reason that the cause of action, having become merged in the final judgment which was rendered, was no longer in existence so as to be subject to abatement upon the subsequent death of Dranz. On the contrary, the controversy, if there was to be one, was thenceforth over the judgment itself, and any revival in the circuit court will become necessary only when the case is remanded to that court following our reversal of the judgment, which action on our part, by destroying the judgment and thereby terminating the merger of the cause of action in it, will have the effect of leaving the cause of action to revert to its original *status* of merely a cause of action with all the consequences that may attend the death of the one in whom the same existed.. [Vitale v. Duerbeck, 338 Mo. 556, 570, 92 S. W. (2d) 691, 696; Siberell v. St. Louis-S. F. Ry. Co., 320 Mo. 916, 931, 9 S. W. (2d) 912, 918.]

Furthermore, since Dranz' death occurred before the writ of error was sued out, the situation did not call for the application of the statute providing for suggestion of death and substitution of parties in this court, so that the question ultimately resolves itself into one of the right of Dranz' administrator to come into this court, and, upon showing his *status* as the duly appointed, qualified, and acting administrator of Dranz' estate, petition this court for the issuance of a writ of error to review the final judgment theretofore rendered against Dranz in the circuit court, which judgment, as has already been

noted, had not been affected by the death of Dranz after the expiration of the judgment term.

With Dranz dead, his administrator was the proper party to sue out the writ of error to review the judgment below, which, as it stood, not only made the estate liable for the penalty of treble costs, but also rendered the estate subject to possible liability on the cash bond of $500 which Dranz had given upon the issuance of the temporary restraining order.

As for the contention that Dranz heirs, if such there be, are necessary parties in this court, suffice it to say that the injunction suit, while it relates to real estate, does not itself directly affect title to real estate or else this court would have no jurisdiction over this proceeding. On the contrary, title to the real estate would be affected only in the event that a sale of it should be had under an execution issued upon the judgment against Louise Clark. [Weil v. Richardson, 320 Mo. 310, 7 S. W. (2d) 348.] Moreover, it appears in the administrator's petition for the writ of error that subsequent to his appointment the probate court entered an order authorizing and directing him to take charge of the deceased's real estate including that portion of it involved in the injunction suit, and that ever since the entry of such order he has been in charge and in possession of all said real estate. While we do not rule upon the question of whether Dranz' heirs, if any, might not be proper parties to join in the writ if their consent could be obtained, they are in any event not necessary parties; and with due consideration had for the effect of the judgment as one imposing liability upon the estate, the person directly aggrieved thereby is plaintiff in error, the legal representative of the deceased, who, in the protection of the interest of the estate, has the right to institute and maintain this original proceeding in this court to have the judgment reviewed with respect to its validity.

It follows that the judgment rendered by the circuit court should be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, reversed and the cause remanded in accordance with the recommendations of the Commissioner. *Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.